[No. 22561-8-I.  Division One.  September 10, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD D. SIMS, *Appellant.*

*Patricia Novotny* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Kevin Korsmo, Deputy,* for respondent.

SWANSON, J.—Richard D. Sims appeals from his conviction for possession of a controlled substance with intent to manufacture or deliver, an offense proscribed by RCW 69.50.401(a), while armed with a deadly weapon.[1] He contends for the first time that the information is constitutionally defective.

Sims was charged by amended information as follows:

> POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO MANUFACTURE OR DELIVER, committed as follows: that the [defendant], on or about the 6th day of February, 1987, did unlawfully possess, with intent to manufacture or deliver, a controlled substance, to–wit: marijuana, the defendants being at said time armed with a deadly weapon, to–wit: a .22 calibre Derringer; an Ingraham Mac. 11 .380 semi-automatic pistol; a 30–30 Winchester rifle; a 12 gauge pump shotgun; a rifle; a .22 single shot shotgun; one large buck knife; and one bow with five arrows, as defined by RCW 9.94A.125 and 9.94A.310; proscribed by RCW 69.50.401(a), a felony; . . .

He maintains that the information is constitutionally defective because it failed to allege a nonstatutory element of the crime; namely, that the defendant acted with guilty knowledge (knew the identity of the product being delivered or manufactured), which was made an element of the crime in *State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979). Sims asserts that this omission renders the information fatally defective and requires dismissal.

---

[1] Sims was also found guilty of a second count of possession of a controlled substance but the court determined that the possession charge merged with the possession with intent to manufacture or deliver charge in count 1 and so dismissed the simple possession conviction.

Sims failed to raise any objection to the sufficiency of the information in the trial court. A failure to question the information below does not prevent review by this court. *State v. Holt,* 104 Wn.2d 315, 321, 704 P.2d 1189 (1985). However, courts have tested an information's sufficiency by a stricter standard when raised for the first time on appeal. *State v. Smith,* 49 Wn. App. 596, 598, 744 P.2d 1096 (1987), *review denied,* 110 Wn.2d 1007 (1988); *State v. Warren,* 55 Wn. App. 645, 656, 779 P.2d 1159 (1989), *review denied,* 114 Wn.2d 1004 (1990); *State v. Strong,* 56 Wn. App. 715, 717, 785 P.2d 464, *review denied,* 114 Wn.2d 1022 (1990). As we said in *Smith* at 598,

> Under these circumstances, courts have held that the information is immune from attack unless so obviously defective as not to charge the offense by any reasonable construction. *See United States v. Wabaunsee,* 528 F.2d 1, 2 (7th Cir. 1975).

The rule is well settled that

> [i]n an information or complaint for a statutory offense, it is sufficient to charge in the language of the statute if the statute defines the crime sufficiently to apprise an accused person with reasonable certainty of the nature of the accusation.

*State v. Leach,* 113 Wn.2d 679, 686, 782 P.2d 552 (1989).

Sims was charged with a violation of RCW 69.50.401(a) and in the language of the statute which states:

> (a) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

A careful comparison of the information with the statute demonstrates that the information charges all of the statutory elements of the crime involved. This satisfies the rule in *State v. Holt,* 104 Wn.2d at 320, which held that a charging document which omits a statutory element of the crime charged violates a defendant's constitutional rights and is subject to dismissal.

The basis for the *Holt* court's holding appears to be that the omission of two statutory elements from the charging document resulted in the failure to state a crime. The court in *Holt* said at 321,

Hence because the information here failed to state any offense whatsoever, by its omission of two statutory elements of child pornography, that information is constitutionally defective and requires dismissal.

But it is not necessary that the information list every element of a crime as *Holt* suggests; rather it must only allege enough facts to support every element of the crime charged. *State v. Leach,* 113 Wn.2d at 688. It thus appears that the critical test is whether the charging document adequately states a crime. If the charging document does not state a crime, then no offense is charged and dismissal is required even if the statutory language was followed. *United States v. Simmons,* 96 U.S. 360, 24 L. Ed. 819 (1877).

Appellant argues that nonstatutory elements such as guilty knowledge in this case must also be included in the charging document for it to withstand constitutional attack. For this contention, Sims relies on our discussion in *State v. Nieblas–Duarte,* 55 Wn. App. 376, 777 P.2d 583, *review denied,* 113 Wn.2d 1030 (1989) in which we indicated there was no distinction between statutory elements and those established by case law when evaluating the constitutionality of an information.[2] However, the *Nieblas–Duarte* court at 379, was careful to say that

> our focus must be on whether an information states a charge upon which the defendant can be tried and convicted, *i.e.,* whether it sets forth all the essential elements of the crime charged, and not simply whether it contains all the statutory elements.

(Footnote omitted.) The court in *Nieblas–Duarte* went on to uphold the information, finding that the use of the term "feloniously" in the charging document adequately alleged the knowledge element and met constitutional criteria in a prosecution based on an alleged violation of RCW 69.50-.401(a), the statute involved here.

---

[2] *Neiblas–Duarte* stands alone in appellate decisions of this state in asserting this proposition.

The requirement that the information must state a crime and in so doing sufficiently define the crime so that the accused is adequately informed of the nature of the accusation has not been interpreted to mean that an information must allege every fact that the State must eventually prove at trial in order to support a conviction. *State v. Warren,* 55 Wn. App. at 656. As we recently noted in *State v. Strong,* 56 Wn. App. at 718–19,

> However, by definition, a complaint stated in the language of a statute defining a crime states a crime. *See State v. Thomas,* 73 Wn.2d [729, 731, 440 P.2d 488 (1968)]. A mental state which is an implied element of the crime as defined by statute is also an implicit part of the charge. Where there is a well–established rule implying the requisite mental state as an element of the crime, its omission from the information is of no significance. *See State v. Bower,* 28 Wn. App. 704, 707 n.2, 626 P.2d 39 (1981). Thus, an information need not allege implied elements of the crime if it follows the language of the statute and is sufficient to apprise the accused with reasonable certainty of the nature of the accusation. *See [State v.] Smith,* 49 Wn. App. [596, 599, 744 P.2d 1096 (1987)] (holding that the court–implied element of knowledge was not a necessary part of an information charging possession of stolen property), *review denied,* 110 Wn.2d 1007 (1988)]; *State v. Bower, supra* (information charging the defendant with preventing a prison guard from performing his duties need not include the element of intent); *State v. Orsborn,* 28 Wn. App. 111, 114, 626 P.2d 980 (1980) (information charging negligent homicide need not include requirement that the victim's death be a proximate result of the injuries received in the accident), *review denied,* 97 Wn.2d 1012 (1982).

(Footnotes omitted.)

Here, Sims was charged in the language of the statute and the information incorporating the statutory language charged a crime without more. There is no claim that he was not apprised with reasonable certainty of the nature of the accusation against them. The sole argument is that the omission of the element of guilty knowledge which the State is required to prove at trial renders the information fatally defective because it fails to state an offense. Appellant's argument is couched in jurisdictional terms and is

based on the assertion that the omission from the information of a nonstatutory element of the crime which the State must prove at trial, like the omission of a statutory element as in *Holt,* results in failure to state a crime. This is because only if no offense is charged at all can one contend the court lacks jurisdiction to hear the case.[3]

We disagree with the contention that a crime was not charged without alleging the nonstatutory element of guilty knowledge. Here, Sims was charged with unlawful possession of a controlled substance with intent to manufacture or deliver a controlled substance, to wit: marijuana. That language charged a crime without more.

A requirement that guilty knowledge be alleged in the information based on the burden that the State bears at trial to prove guilty knowledge (which in effect is a rebuttal of a defense claim that the accused didn't know the identity of the product delivered, as in *Boyer,* 91 Wn.2d at 343–45) would add nothing to the definition or statement of the crime at issue here.[4] Even though the State must prove the defendant knew the identity of the product he was accused of manufacturing or delivering pursuant to the rule of *State*

---

[3]Many courts, our own included, have described the essential elements requirement as "quasi–jurisdictional" or "jurisdictional" in nature. *E.g., Cervantes v. People,* 715 P.2d 783, 786 (Colo. 1986); *Kansas City v. Carlock,* 12 Kan. App. 2d 41, 733 P.2d 1273, 1274 (1987); *State v. Blais,* 391 A.2d 1198, 1201 (Me. 1978); *Williams v. State,* 302 Md. 787, 490 A.2d 1277, 1280 (1985); *People v. Iannone,* 45 N.Y.2d 589, 384 N.E.2d 656, 412 N.Y.S.2d 110, 118 (1978); *State v. Leach,* 53 Wn. App. 322, 329, 766 P.2d 1116, *aff'd,* 113 Wn.2d 679, 782 P.2d 552 (1989). *State v. Nieblas–Duarte,* 55 Wn. App. 376, 379 n.4, 777 P.2d 583, *review denied,* 113 Wn.2d 1030 (1989). However, we question whether the essential elements rule should contain any jurisdictional questions. If not, then the harsh consequences of a violation, *i.e.,* automatic dismissal, appear inappropriate.

[4]We note that it is somewhat anomalous and inconsistent to require the State to prove guilty knowledge in a possession with intent to deliver case under RCW 69.50.401(a) (*State v. Boyer, supra*) while placing the burden on the defendant to raise and prove "unwitting possession" in a possession case under 69.50.401(a) (*see State v. Knapp,* 54 Wn. App. 314, 773 P.2d 134 (1989); *State v. Cleppe,* 96 Wn.2d 373, 635 P.2d 435 (1981), *cert. denied,* 456 U.S. 1006 (1982)) in that "lack of guilty knowledge" and "unwitting possession" are virtually identical contentions.

*v. Boyer,* 91 Wn.2d at 345, it was not necessary to include this nonstatutory element in the information in order to allege a crime. In *State v. Smith,* 104 Wn.2d 497, 707 P.2d 1306 (1985), our Supreme Court summarily rejected a pro se challenge to the sufficiency of the information in a prosecution for a violation of RCW 69.50.401(a) based on the failure to include an allegation of "guilty knowledge".[5]

Further, the information here alleged that Sims possessed marijuana with *intent* to manufacture or deliver it. In that one could not intentionally deliver or manufacture marijuana without knowing it was marijuana, the information in fact charges guilty knowledge.

To summarize, the information here followed the language of the statute which clearly defined a crime. The nonstatutory element of guilty knowledge created by case law, which the State is required to prove for a conviction under RCW 69.50.401(a) (*State v. Boyer, supra*), was not necessary for an adequate statement or definition of the crime charged. Therefore, it was not necessary to include it in the information to satisfy constitutional requirements.

We affirm.

SCHOLFIELD and WEBSTER, JJ., concur.

Review by Supreme Court pending May 15, 1991.

---

[5]We note that the Supreme Court granted review in *State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979) to determine whether a guilty state of mind must be proven to *convict* the defendant of a charge of delivery of a controlled substance in violation of the same statute *involved* here, not whether it should be *alleged* in the charging document. The court noted the "intent to deliver" language in the statute but was persuaded that one could be guilty of a violation of the statute if he innocently delivered a package containing a controlled substance, notwithstanding the State's burden of proving an intentional delivery of a controlled substance. Whether that is possible is arguable given the State's burden pursuant to the specific words of the statute that it is the *intentional* delivery of a controlled substance that constitutes the violation. How one could innocently deliver a package containing a controlled substance and still be found guilty in view of the State's burden of proving that he intentionally delivered a controlled substance is questionable.