[No. 9810–9–III.   Division Three.   December 18, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. CLYDE
E. JOHNSON, *Appellant.*

*James E. Egan,* for appellant.

*Dennis J. DeFelice, Prosecuting Attorney,* and *Ann Marie Dilembo, Deputy,* for respondent.

THOMPSON, J.—Clyde Johnson appeals his conviction for delivery of cocaine. He contends: (1) the information was defective because it only alleged Mr. Johnson "unlawfully" delivered cocaine and did not specify that he knew the identity of the substance he delivered, (2) the court erred when it refused to instruct the jury that possession is a lesser included offense of delivery, (3) the court's knowledge instruction permitted an unconstitutional presumption, and (4) the court erred when it ordered him to pay $700 attorney fees for his court appointed attorney when the actual cost was allegedly less. We affirm.

On October 27, 1988, Mr. Johnson was arrested during a Tri-Cities Drug Task Force street sweep, targeting street-level dealers in the downtown areas of Kennewick, Pasco, and Richland. Detective Keith Sharp of the Kennewick Police Department and Philip Carpenter, a Benton County deputy sheriff, testified they were sitting in an unmarked vehicle when they observed Mr. Johnson approaching. Deputy Carpenter stated he held up his fingers, and Mr. Johnson asked him: "What do you want?" Deputy Carpenter told him "Coca", gave him $21, and Mr. Johnson went into a nearby pool hall. After a few minutes, Mr. Johnson came out of the pool hall. Deputy Carpenter met Mr. Johnson near the back of his vehicle. He testified Mr. Johnson told him, "It's your lucky day." Mr. Johnson then

showed them the cocaine and made the comment it was good quality. At that time, Deputy Carpenter displayed his identification and told Mr. Johnson he was under arrest. Mr. Johnson began to pull away, and Detective Sharp and Deputy Carpenter had to wrestle him to the ground. During the struggle, Deputy Carpenter had hold of Mr. Johnson's forearm; Mr. Johnson opened his hand, and a bindle of cocaine fell onto the street.

In contrast, Mr. Johnson stated he had gone downtown to pawn a trumpet so he could buy necessities for his family. The undercover officers gestured to him. When they asked for drugs, he told them "no". According to Mr. Johnson, the officers insisted, and offered him $21. He took the money, and went inside the pool hall intending to leave through the back door. The back door was padlocked. He then bet on a crap game, to see if he could double the money. Instead, he lost all of it. He left by the front door, hoping to "take off", unnoticed by the officers. But one of them was standing at the rear of the vehicle. Mr. Johnson approached the officer, thinking he could make up a story or get them to drive him somewhere else to make the "buy". He never had a chance to do so, because Deputy Carpenter stuck a gun in his face and asked for the cocaine. He told them he did not have any cocaine, but they arrested him anyway.

In the information, the State charged Mr. Johnson with the crime of unlawful delivery of a controlled substance, a violation of RCW 69.50.401(a)(1)(i). The information alleged that he "unlawfully deliver[ed] a controlled substance; to–wit: cocaine, . . .". An attached affidavit in support of probable cause recited that "the defendant sold a white powder" which "tested positive for cocaine in a field test." Before trial, Mr. Johnson unsuccessfully moved to dismiss the information because it failed to allege the guilty knowledge element of delivery.

At trial, the court refused Mr. Johnson's proposed instructions 9, 10, 12, and 14, defining possession as a lesser included offense of delivery of a controlled substance. The

court gave the following instruction over Mr. Johnson's objection:

> If a person has information which would lead a reasonable person in the same situation to believe that facts exist which are described by law as being a crime, the jury is permitted but not required to find that he or she acted with knowledge.

The jury returned a guilty verdict.

The judgment against Mr. Johnson provides:

> 3. Defendant shall pay to the Clerk of this Court:
>
> . . . .
>
> (d) $700.00 Court appointed attorney's fees
>
> . . . .
>
> Commencing with the first full month after release from prison, defendant shall pay not less that $50 per month to the Clerk of this Court until the total monetary obligation is paid in full.

Defense counsel objected, arguing that he was paid $4,000 by the County for 15 cases, or $265 a case.

First, Mr. Johnson contends the information should have been dismissed because it did not specifically allege the guilty knowledge element of the crime of delivery of a controlled substance.

██ "The constitutional right of the accused 'to be informed of the nature and cause of the accusation' against him requires that every material element of the offense be charged with definiteness and certainty." 2 C. Torcia, *Wharton on Criminal Procedure* § 238, at 69 (13th ed. 1990). "[T]he legal requirements relating to pleading . . . are designed to facilitate the adversary process by ensuring that the accused has the information needed to fully present his defense." 2 W. LaFave & J. Israel, *Criminal Procedure* § 19.1, at 434 (1984). In Washington,

> [t]he indictment or the information shall be a plain, concise and definite written statement of the *essential facts constituting the offense charged.*

(Italics ours.) CrR 2.1(b). *See also State v. Leach,* 113 Wn.2d 679, 689, 782 P.2d 552 (1989).

RCW 69.50.401(a) defines the crime of unlawful delivery of a controlled substance as follows: "Except as authorized by this chapter, it is unlawful for any person to . . . deliver . . . a controlled substance." The statute does not expressly

include an intent requirement. In *State v. Boyer,* 91 Wn.2d 342, 344, 588 P.2d 1151 (1979), the court held that guilty knowledge, an understanding of the identity of the product being delivered, is intrinsic to the definition of the crime of delivery. However, in a subsequent decision, the Supreme Court summarily rejected the argument that an information which merely alleges unlawful delivery is defective. *State v. Smith,* 104 Wn.2d 497, 509, 707 P.2d 1306 (1985). The court stated:

> The defendant . . . raises this issue initially on appeal. He has shown no prejudice or any lack of understanding of the charge against him. The information was not unconstitutionally vague. It will not be considered on appeal. RAP 2.5(a); *Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 588 P.2d 1308 (1978).

*Smith,* at 509.

A recent decision of Division One of the Court of Appeals also addresses this issue. In *State v. Sims,* 59 Wn. App. 127, 796 P.2d 434 (1990), the information charged the defendant with unlawfully possessing a controlled substance with intent to deliver; it failed to allege guilty knowledge. *Sims* quoted *State v. Strong,* 56 Wn. App. 715, 718–19, 785 P.2d 464, *review denied,* 114 Wn.2d 1022 (1990):

> However, by definition, a complaint stated in the language of a statute defining a crime states a crime. *See State v. Thomas,* 73 Wn.2d [729, 731, 440 P.2d 488 (1968)]. A mental state which is an implied element of the crime as defined by statute is also an implicit part of the charge. Where there is a well–established rule implying the requisite mental state as an element of the crime, its omission from the information is of no significance. *See State v. Bower,* 28 Wn. App. 704, 707 n.2, 626 P.2d 39 (1981). Thus, an information need not allege implied elements of the crime if it follows the language of the statute and is sufficient to apprise the accused with reasonable certainty of the nature of the accusation. *See [State v.] Smith,* 49 Wn. App. [596, 599, 744 P.2d 1096 (1987)] (holding that the court–implied element of knowledge was not a necessary part of an information charging possession of stolen property), [*review denied,* 110 Wn.2d 1007 (1988)]; *State v. Bower, supra* (information charging the defendant with preventing a prison guard from performing his duties need not include the element of intent); *State v. Orsborn,* 28

872

Wn. App. 111, 114, 626 P.2d 980 (1980) (information charging negligent homicide need not include requirement that the victim's death be a proximate result of the injuries received in the accident), *review denied*, 97 Wn.2d 1012 (1982).

*Sims*, at 131. Thus, *Sims* held that the information was sufficient. *Sims*, at 133.

Mr. Johnson argues that *Smith* and *Sims* are distinguishable, because in those cases the defendants waited until their appeals before they challenged the sufficiency of their informations. Here, Mr. Johnson raised this issue before trial. Some courts have used a stricter standard to test the sufficiency of an information when the question is raised for the first time on review. *See, e.g., State v. Smith*, 49 Wn. App. 596, 598, 744 P.2d 1096 (1987), *review denied*, 110 Wn.2d 1007 (1988). Those courts hold an information is immune from attack unless it is so obviously defective it does not charge the offense by any reasonable construction. *Smith*, 49 Wn. App. at 598. However, a different standard of review does not aid Mr. Johnson. Under both *State v. Smith*, 104 Wn.2d 497, 707 P.2d 1306 (1985) and *Sims*, an information which charges a crime in the language of RCW 69.50.401(a) is sufficient, and it is not necessary to include the nonstatutory element of guilty knowledge. Although *Sims* noted the stricter standard set forth in *Smith*, 49 Wn. App. at 598, the decision there did not turn on the fact that the defendant raised the issue for the first time on appeal.

We are bound by the Supreme Court's decision in *State v. Smith, supra*, and are persuaded the analysis in *Sims* is correct. The court did not err in refusing to dismiss the information.

■ Second, Mr. Johnson asserts the court should have instructed the jury that possession is a lesser included offense of delivery. He maintains the offense of possession is always committed in the course of delivery. In addition, he argues the officers testified he did not hand the cocaine over, but dropped it during the struggle. According to Mr.

Johnson, this proof establishes possession with intent to deliver, but not delivery.

> Under the Washington rule, a defendant is entitled to an instruction on a lesser included offense if two conditions are met. First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed.

(Citations omitted.) *State v. Workman,* 90 Wn.2d 443, 447–48, 584 P.2d 382 (1978). In *Workman,* at 448–49, the court held the facts supported an inference that the defendants had committed the crime of unlawfully carrying a weapon; thus, the trial court should have instructed the jury that such offense is a lesser included offense of first degree robbery. The court was careful to point out: "[T]his is not a case where finding the elements of the lesser offense is precluded by the evidence at trial". *Workman,* at 448 (citing *State v. Snider,* 70 Wn.2d 326, 422 P.2d 816 (1967)).

Mr. Johnson relies upon this court's decision in *State v. Wilson,* 41 Wn. App. 397, 704 P.2d 1217, *review denied,* 105 Wn.2d 1003 (1985). There, the State's evidence of delivery was that defendant gave a marijuana cigarette to an undercover officer on a prostitution detail. The defendant denied possession of any marijuana. *Wilson,* at 399–400 held:

> In order to establish "delivery", the State was required to prove the "actual, constructive, or attempted transfer from one person to another of a controlled substance, . . ." RCW 69.50-.101(f). In this case, this necessarily required actual or constructive possession by the accused. The evidence presented at trial by the State itself included actual possession, *i.e.,* physical custody of the controlled substance. This evidence, regardless of its source, supports an inference possession in fact occurred. Where there is evidence to support giving a lesser included offense instruction, failure to give it has never been held harmless.

(Citations omitted.) The Supreme Court has rejected this holding in favor of the approach taken by Division One in *State v. Rodriguez,* 48 Wn. App. 815, 740 P.2d 904, *review denied,* 109 Wn.2d 1016 (1987). *See State v. Speece,* 115 Wn.2d 360, 798 P.2d 294 (1990); *State v. Fowler,* 114 Wn.2d 59, 67, 785 P.2d 808 (1990).

*Rodriguez* noted at page 817 that, as in *Wilson,* the State's evidence supported an inference the defendant necessarily possessed marijuana prior to delivery. However, it refused to hold such evidence automatically requires instruction on the lesser included offense of possession. *Rodriguez,* at 818. Rather, the court held at page 818 prior Washington cases require consideration of the evidence "in light of the specific circumstances of the case, including the parties' theories". Otherwise, a lesser included instruction would be called for whenever the included crime was included in law, thereby negating *Workman's* factual prong. *Rodriguez,* at 818 (citing *State v. Kruger,* 560 Wash. 542, 544, 111 P. 769 (1910)). In addition, the court in *Rodriguez* was of the opinion its holding was (1) underscored by the requirement that the inference to be drawn from the evidence is that *only* the included crime was committed, and (2) consistent with the purpose of the factual requirement to prevent verdicts based solely on conjecture or sympathy. *Rodriguez,* at 818–19.

■ Under *Speece* and *Rodriguez,* the trial court here correctly refused to instruct the jury that possession is a lesser included offense of delivery. There was no affirmative evidence Mr. Johnson simply possessed cocaine. He denied possessing cocaine at all; the State's evidence was that he delivered it. Since there are no facts from which an inference of possession alone can be drawn, *Workman's* second prong is not satisfied.

■ Alternatively, Mr. Johnson argues the State's evidence showed possession with intent to deliver, but not delivery. He relies on the officers' testimony he was arrested after he showed them the cocaine but before he actually handed it over to them. However, RCW 69.50.101(f) defines "delivery" as "the actual, constructive, or *attempted transfer* from one person to another of a controlled substance . . .". (Italics ours.) Here, Mr. Johnson attempted the transfer. The officers merely refused to accept the cocaine, choosing instead to make their arrest at that time.

Third, Mr. Johnson maintains the court erred when it instructed the jury that it could, but was not required to, find knowledge based upon facts that would lead a reasonable person to believe that a crime is being committed.

In *State v. Shipp,* 93 Wn.2d 510, 514–16, 610 P.2d 1322 (1980), the court held that RCW 9A.08.010(1)(b),[1] defining "knowledge", could be interpreted as creating a mandatory inference. Thus, *Shipp* ruled that a jury instruction based on the statutory language violated due process.

WPIC 10.02 was revised to correct the problem identified in *Shipp.* It is the revised instruction that was given by the trial court here. That revised instruction was specifically approved in *State v. Leech,* 114 Wn.2d 700, 710, 790 P.2d 160 (1990). Accordingly, we find no error.

Fourth, Mr. Johnson contends the judgment assessing him $700 for court appointed attorney fees is not supported by the evidence. He cites RCW 10.01.160(2) for the proposition that costs are limited to those "specially incurred by the state in prosecuting the defendant". According to Mr. Johnson, the only costs incurred by the State for the defendant's court appointed attorney were $265. We disagree.

Mr. Johnson arrives at the $265 figure by dividing the $4,000 his attorney received from the County on a contract to provide indigent defense work by 15, the number of defendants the attorney actually represented. The record does not indicate the negotiated fee for each defendant was to be $265. It is reasonable to conclude the sum of $4,000 contemplated some cases would be disposed of summarily and others would take time. In light of the time spent on this case, as reflected in the record, apportioning $700 of

---

[1] RCW 9A.08.010(1)(b) provides:

"*Knowledge.* A person knows or acts knowingly or with knowledge when:

"(i) he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or

"(ii) he has information which would lead a reasonable man in the same situation to believe that facts exist which facts are described by a statute defining an offense."

the $4,000 contract sum to Mr. Johnson's case was not only reasonable, it could be considered a minimal sum. We conclude $700 is an appropriate amount to allow for attorney fees under RCW 10.01.160.

Affirmed.

MUNSON, C.J., and SHIELDS, J., concur.

Review by Supreme Court pending May 15, 1991.