[No. 66105-7. Department One.]
Considered May 5, 1998.    Decided June 11, 1998.
THE STATE OF WASHINGTON, *Respondent*, v. FAROUG MOAVENZADEH, *Petitioner.*

*Mary Jane Ferguson* and *David A. Trieweiler*, for petitioner.

*David H. Bruneau, Prosecuting Attorney*, and *C. Danny Clem, Deputy*, for respondent.

PER CURIAM — Faroug Moavenzadeh (a/k/a Michael

Morgan) was convicted of three counts of possession of stolen property, six counts of theft, one count of conspiracy to commit theft, four counts of unlawful issuance of bank checks, two counts of forgery, and two counts of unlawful possession of a firearm. He raised several issues on appeal, including a challenge to the information. The Court of Appeals found no error and affirmed. We grant review solely as to the validity of the information and reverse Moavenzadeh's convictions on 10 of the 18 counts.

## FACTS

As to each stolen property count, the charging document alleges that Moavenzadeh "did possess stolen property exceeding One Thousand Five Hundred Dollars" in value, and then describes the property relating to that count. Clerk's Papers (CP) at 127-28. Another count alleges simply that Moavenzadeh "did conspire with another or others to commit First Degree theft from Clallam County merchants." CP at 128. And each theft count alleges that he "did commit Theft in the Second [or Third] Degree of property belonging to" a particular owner. CP at 130-31.

## ISSUE

Whether the information is constitutionally sufficient to apprise Moavenzadeh of these charges.

## ANALYSIS

The information did not allege Moavenzadeh "knowingly" possessed stolen property, and described each count of theft and the one count of conspiracy to commit theft solely by the name of the offense. The Court of Appeals held that the nonstatutory elements of these crimes are necessarily implied in the language used. *State v. Moavenzadeh*, No. 19857-6-II, slip op. at 11-12 (Wash. Ct. App. Oct. 10, 1997). In reaching this conclusion, the court relied on *State v. Sims*, 59 Wn. App. 127, 796 P.2d 434 (1990) and *State v. Smith*, 49 Wn. App. 596, 744 P.2d 1096 (1987).

■ The Court of Appeals did hold in *Smith* that omission of the "knowledge" element from an information charging possession of stolen property is not fatal. The court reached the same conclusion in *Sims* regarding an information charging a drug offense. In both cases, however, the court began with the premise that "a failure to include in the information every element . . . that must be instructed upon or proved at trial does not render the information constitutionally defective." *State v. Smith*, 49 Wn. App. at 599; *see State v. Sims*, 59 Wn. App. at 130 (holding that "it is not necessary that the information list every element of a crime"). But this court has held that an information is constitutionally adequate only if it includes all of the essential elements of the crime, both statutory and nonstatutory. *E.g., State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995); *State v. Campbell*, 125 Wn.2d 797, 801, 888 P.2d 1185 (1995); *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991). To the extent *Smith* and *Sims* suggest that omission of the knowledge element of possession of stolen property is immaterial, the decisions are wrong, and are hereby expressly overruled.[1]

■ It is not "necessary to use the exact words of a statute in a charging document; it is sufficient if words conveying the same meaning and import are used." *State v. Kjorsvik*, 117 Wn.2d at 108 (footnote omitted). Also, if the information is challenged initially on appeal, it will be construed "quite liberally." *State v. Hopper*, 118 Wn.2d 151, 156, 822 P.2d 775 (1992); *State v. Campbell*, 125 Wn.2d at 801. The inquiry is whether the elements appear "in any form, or by fair construction can be found in this information." *State v. Kjorsvik*, 117 Wn.2d at 108. " 'A court should be guided by common sense and practicality in construing the language. Even missing elements may be implied if the language supports such a result.' " *State v. Campbell*, 125 Wn.2d at 801 (quoting *Hopper*, 118 Wn.2d at 156). Never-

---

[1]Both decisions were implicitly overruled by *Kjorsvik*. Also, we granted review in *Sims* and held that knowledge is not in fact an element of the particular drug offense charged there. *State v. Sims*, 119 Wn.2d 138, 142, 829 P.2d 1075 (1992).

theless, "[i]f the document cannot be construed to give notice of or to contain in some manner the essential elements of a crime, the most liberal reading cannot cure it." *State v. Campbell*, 125 Wn.2d at 802.[2]

Knowledge or intent can in some instances be fairly implied from the manner in which the offense is described or even from commonly understood terms. *State v. Hopper*, 118 Wn.2d 151 (the term "assault" by itself conveys an intentional or knowing act); *see also State v. Tunney*, 129 Wn.2d 336, 917 P.2d 95 (1996) (knowledge that assault victim was police officer held to be implied from other charging language); *State v. Kjorsvik*, 117 Wn.2d at 110 (intent to steal element of robbery fairly implied from description of a forceful unlawful taking). But the information here, as to the stolen property counts, contains no language which can fairly be read to allege that Moavenzadeh knew the property was stolen. This omission is similar to the one in *State v. Simon*, 120 Wn.2d 196, 840 P.2d 172 (1992). The defendant there was charged with first degree promotion of prostitution, one element of which is knowledge that the person whose prostitution is being promoted is under the age of 18. The information alleged that the defendant " 'did knowingly advance and profit by compelling [the victim] by threat and force to engage in prostitution; and did advance and profit from the prostitution of [the victim], a person who was less than 18 years old.' " *Id.* at 197-98 (quoting amended information). On appeal, the defendant argued that the information was constitutionally defective because it did not allege he knew the victim was less than 18. We agreed that the information did not allege this element, even construed in the liberal manner required by *Kjorsvik*. "No one of common understanding reading the information would know that knowledge of age is an element of the charge of promoting prostitution of a person under 18." *Simon*, 120 Wn.2d at 199. There is no more

---

[2]An information which is facially valid under this standard is constitutionally deficient if the defendant shows he was prejudiced by imprecise charging language. *Campbell*, 125 Wn.2d at 802. There is no such showing here.

reason to believe that anyone reading the information in the present case would understand that knowledge that the property is stolen is an element of first degree possession of stolen property.

■ As for the second and third degree theft counts, the term "theft" is arguably adequate to convey an intentional, wrongful taking of the property of another. But the property value elements of these crimes do not appear in any form in the information. Those charges are therefore constitutionally defective even assuming the "intent to deprive" element was adequately charged. *See State v. Campbell*, 125 Wn.2d at 804-05; *State v. Delcambre*, 116 Wn.2d 444, 805 P.2d 233 (1991) (both holding informations charging welfare fraud invalid because of omission of value element).

■ The conspiracy charge is also deficient. The essential elements of that offense are an agreement to commit a crime and taking a "substantial step" toward the completion of that agreement. RCW 9A.28.040. The word "conspiracy" is commonly understood to include the first of these elements. Unlike the term "attempt," however, "conspiracy" does not, by itself, suggest that there must be conduct which would constitute a substantial step toward the completion of a crime. *Compare State v. Rhode*, 63 Wn. App. 630, 636, 821 P.2d 492 (1991) ("attempt" adequate to convey "substantial step" element of that crime), *review denied*, 118 Wn.2d 1022 (1992). Nor can this essential element be found by fair implication in any of the remaining language.

## CONCLUSION

The information is constitutionally inadequate to charge Moavenzadeh with any of the counts of possession of stolen property, second or third degree theft, and conspiracy. Moavenzadeh's convictions on those counts are therefore reversed, without prejudice to the State's refiling of the

charges in a properly worded information. *See State v. Simon*, 120 Wn.2d at 199.