FILED
COURT OF APPEALS
DIVISION II

2015 APR 21 AM 9: 05

STATE OF WASHINGTON

BY
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46141-2-II |
| Respondent, | |
| v. | |
| RONALD L. SMITH, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Ronald Smith appeals his conviction for one count of second degree possession of stolen property, arguing that the charging document was constitutionally insufficient because it failed to allege that Smith knew the property was stolen. The State concedes that the charging document was constitutionally insufficient. We accept the State's concession, reverse the judgment, and remand.

## FACTS

A trailer valued at roughly $2,000 was stolen. Smith admitted he used the trailer. The State charged Smith with one count of possession of stolen property under RCW 9A.56.160(1)(a). The charging document alleged that Smith "did possess stolen property, other than a firearm as defined in RCW 9.41.010 or a motor vehicle, which exceeds seven hundred fifty dollars ($750.00) in value but does not exceed five thousand dollars ($5,000) in value." Clerk's Papers at 1. Smith did not challenge the sufficiency of the charging document in the trial court.

A jury convicted Smith of one count of second degree possession of stolen property. Smith appeals.

ANALYSIS

Smith argues, and the State concedes, that the charging document was insufficient for failing to allege that Smith knew the property he possessed was stolen. We accept the State's concession because the charging document failed to allege that Smith knew the property he possessed was stolen.[1]

We review challenges to the sufficiency of a charging document de novo. *State v. Williams*, 162 Wn.2d 177, 182, 170 P.3d 30 (2007). Where, as here, the sufficiency of a charging document is not challenged until after the verdict, we liberally construe the charging document in favor of validity. *State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991). All essential elements of an alleged crime must be included in the charging document to afford defendants notice of the allegations' nature so they can properly prepare their defense. *Kjorsvik*, 117 Wn.2d at 101-02. We read charging documents as a whole, construing their words according to common sense and including facts that are necessarily implied. *Kjorsvik*, 117 Wn.2d at 109.

When determining whether a charging document is sufficient, we consider whether the crime's necessary elements appear in any form, or can be found by fair construction, in the charging document. *Kjorsvik*, 117 Wn.2d at 105-06. The question is whether the charging document would reasonably apprise the defendant of the crimes charged. *Kjorsvik*, 117 Wn.2d at 109. If we cannot find the crime's necessary elements, we presume prejudice and reverse. *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000). Knowledge that the property is

---

[1] Smith also argues that the charging document was constitutionally insufficient for failing to specifically describe the stolen property. Because we reverse on other grounds, we do not reach this argument.

stolen is an essential element of a charge of possession of stolen property. RCW 9A.56.140; *State v. Moavenzadeh*, 135 Wn.2d 359, 364, 956 P.2d 1097 (1998).

Here, an essential element of Smith's charged crime was that he knew the property he possessed was stolen. RCW 9A.56.140, .160. But the charging document included no words addressing Smith's alleged mental state. It alleged merely that he possessed the stolen property, and included no language alleging that he knew the property was stolen. Even construing this document liberally in favor of validity, we cannot find any allegation that Smith had knowledge as required by the statute. We hold that the necessary element of knowledge under 9A.56.160(1)(a) did not appear in any form, nor can it be found by a fair construction. *Kjorsvik*, 117 Wn.2d at 105-06. Thus, we accept the State's concession that the charging document was constitutionally insufficient. We reverse the conviction and remand.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Maxa, J.

_____
Sutton, J.