IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34076-7-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 34957-8-III) |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD EUGENE YALLUP, | ) | |
| | ) | |
| Appellant. | ) | UNPUBLISHED OPINION |
| | ) | |
| _____ | ) | |
| | ) | |
| In the Matter of the Personal Restraint of | ) | |
| | ) | |
| RICHARD EUGENE YALLUP, | ) | |
| | ) | |
| Petitioner. | ) | |

KORSMO, J. — Richard Yallup, by appeal and personal restraint petition (PRP),

challenges aspects of the judgment entered against him by the Yakima County Superior

Court following convictions on 11 felony offenses.[1]  We affirm the convictions, but

remand for either a restitution hearing or correction of the judgment and sentence.

---

[1] One count of second degree assault was merged into a conviction for first degree
robbery, leaving only ten counts for sentencing.

FACTS

Although the numerous convictions reflect an extensive evening of criminal behavior that was the subject of a significant amount of trial time, little of that background is relevant to the issues we consider on appeal. The one aspect of the trial that presents an issue on appeal involved Mr. Yallup's flight from a gun battle with law enforcement into a house and his action in taking the occupants hostage.

The State charged Yallup with three counts of first degree kidnapping arising from the intrusion into the house, but one of those counts was dropped at the conclusion of the State's case.[2] The remaining two victims were a husband and wife. The wife had been injured by a gunshot and took refuge in the bathroom at the outset of the defendant's entry into the house; Mr. Yallup did not know about her presence until later in the incident. Upon discovering her, he set her free.

After a lengthy discussion, the trial court, on each of the remaining kidnapping counts, instructed the jury on both first degree kidnapping and the inferior degree offense of second degree kidnapping, but refused to give instructions on the lesser included offense of unlawful imprisonment. The jury returned a verdict of guilty on first degree kidnapping of the husband, but found Mr. Yallup guilty only of second degree kidnapping of the wife.

---

[2] Mr. Yallup did not testify and the defense did not call any witnesses.

At sentencing, the defense opposed restitution to the insurance company and requested a restitution hearing on any restitution sought by the city of Sunnyside for damage to its police vehicles. Report of Proceedings (RP) at 556. No hearing was held. The court ordered the entire $56,350.66 sought by the prosecutor for restitution, a figure that included restitution to the city of Sunnyside. RP at 565; Clerk's Papers (CP) at 344. The court also imposed costs of incarceration in the local jail up to a maximum of $1,000. RP at 566; CP at 344. An exceptional sentence was imposed on one count that was ordered to run consecutive to the other sentences. RP at 564; CP at 342.

Mr. Yallup timely appealed to this court. His appointed counsel filed a brief in support of his appeal. Mr. Yallup also filed a PRP that he personally prepared. The two cases were consolidated and considered by a panel without argument.

## ANALYSIS

The appeal challenges the failure to give instructions on the included offense of unlawful imprisonment and also challenges the restitution and incarceration cost awards.[3] The PRP alleges judicial bias and a conspiracy by the attorneys involved in his case. We will address first the instructional issue, then jointly address the financial arguments, and finally give the PRP brief consideration.

---

[3] Counsel also asks that we waive appellate costs in the event that the State prevailed on appeal. Since both parties prevail on some claims, there is no substantially prevailing party on appeal and no costs are awarded to either side.

*Lesser Include Offense Instruction Request*

On appeal, Mr. Yallup argues that the trial court erred in failing to instruct on unlawful imprisonment as an included offense to the first degree kidnapping counts. His argument fails because there was no factual reason for believing that only unlawful imprisonment occurred.

The law governing this issue is very well settled. By statute, either party in a criminal case is entitled to an instruction on a lesser included offense in appropriate circumstances. RCW 10.61.006.[4] In order to instruct on an included offense, the crime actually must be an included offense and there must be a factual basis for believing that the lesser crime was committed. *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978). These are known as the "legal" and "factual" prongs. *State v. Berlin*, 133 Wn.2d 541, 545-46, 947 P.2d 700 (1997).

The factual prong is satisfied when there is affirmative evidence showing that *only* the lesser crime actually was committed. *State v. Speece*, 115 Wn.2d 360, 362-363, 798 P.2d 294 (1990); *State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990). The factual prong is not established merely by the fact that the jury might disregard some of the evidence in the case. "Instead, some evidence must be presented which affirmatively

---

[4] Statutes also provide that parties are entitled to instructions on inferior degree offenses and attempted crimes. RCW 10.61.003, .010.

establishes the defendant's theory on the lesser included offense before an instruction will be given." *Fowler*, 114 Wn.2d at 67.[5]

The parties do not dispute that unlawful imprisonment is a lesser included offense of second degree kidnapping. The question remaining is whether there was a factual basis for believing that only unlawful imprisonment was committed. The trial court correctly concluded that the evidence failed to make that showing.

In order to establish first degree kidnapping, as charged in this case, the State was required to establish that Mr. Yallup abducted the victims to hold them as shields or hostages. CP at 186, 188. To establish second degree kidnapping, the State needed to show only that the defendant abducted the victims. CP at 190-192. "Abduct" was defined as restraining a person in a place where the person was not likely to be found, or restraining the person by using or threatening to use force. CP at 187. In order to establish unlawful imprisonment, the prosecutor would have only needed to show that Mr. Yallup knowingly restrained his victims. RCW 9A.40.040(1).

---

[5] This court at one time had held the opposite, deciding that the factual prong could be satisfied by a failure of proof. *State v. Wilson*, 41 Wn. App. 397, 704 P.2d 1217, *review denied*, 105 Wn.2d 1003 (1985). *Speece* subsequently noted that *Wilson* was no longer good law after *Fowler*. 115 Wn.2d at 363 n.4. This court later concurred in that assessment. *State v. Johnson*, 59 Wn. App. 867, 873, 802 P.2d 137 (1990), *rev'd on other grounds*, 119 Wn.2d 143, 829 P.2d 1078 (1992).

The distinction between the two kidnapping offenses was the purpose for which the defendant had abducted the victims, while the difference between kidnapping and unlawful imprisonment was whether the defendant had abducted his victims or merely restrained them. All that defense counsel could argue as a factual basis for the unlawful imprisonment instruction was the fact that the jury did not have to believe the State's evidence concerning the reason for taking the hostages. The trial judge accurately noted that argument is insufficient. There must, instead, be some evidence that only unlawful imprisonment was committed. For instance, if Mr. Yallup (or one of the victims) had testified that he only restrained the victims without abducting them by using his gun, then there would be a factual basis for the instruction.

However, there was no evidence presented that would have allowed the jury to find that the victims had been restrained rather than abducted. While the reason the victims had been abducted was in dispute, the fact that they had been abducted was not. There was no factual basis on which to instruct the jury on unlawful imprisonment.[6]

---

[6] With respect to the kidnapping of the husband, any error in failing to give the instruction would have been harmless. It has long been recognized that the failure to instruct on a lesser included offense is not prejudicial error when the jury has been instructed on a different included offense and still returns a verdict on the greater crime. *See State v. Guilliot*, 106 Wn. App. 355, 368-369, 22 P.3d 1266 (discussing cases), *review denied,* 145 Wn.2d 1004 (2001); *State v. Hansen*, 46 Wn. App. 292, 297-298, 730 P.2d 706, 737 P.2d 670 (1987).

The trial court correctly rejected the requested lesser included offense instruction. There was no error.

*Restitution Hearing and Incarceration Costs*

The State concedes that Mr. Yallup was denied his restitution hearing and agrees with appellant's request that the case be remanded for that purpose. The State also agrees that the trial court imposed incarceration costs without conducting a proper inquiry into Mr. Yallup's ability to pay those costs. It asks that we remand for the trial court to strike the requirement rather than undergo the expense of returning Mr. Yallup for a resentencing hearing. We partially accept these concessions.

By statute, Mr. Yallup had a right to request a restitution hearing. RCW 9.94A.753. As a component of a sentencing hearing, Mr. Yallup also has a right to be present for the hearing. *State v. Kisor*, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993); CrR 3.4(a).

At sentencing, Mr. Yallup's counsel asked the court to ignore the restitution requests by insurance companies, arguing that they had accepted the risk of loss due to their contracts with the victims. He also made the following argument:

> The same is true for the Washington Cities Insurance Fund and the self-insurance for the city of Sunnyside. I haven't seen any bills from the city of Sunnyside or from the Washington Insurance Authority. If the court

7

wants to impose those, I'd simply ask that we do a restitution hearing with respect to those matters.

RP at 556. The trial court apparently rejected his contention that the insurance companies were not entitled to restitution.[7] The court did not address counsel's request for a restitution hearing. That was error.

We thus remand for a restitution hearing. However, that hearing is limited to the restitution related to the city of Sunnyside's losses because that was the only request made by defense counsel; his challenge to the insurance company claims was a meritless legal argument. The trial court has discretion, if it so desires, to broaden the scope of the hearing on remand. If there is a restitution hearing, the court can take up the matter of the defendant's ability to pay incarceration costs.

If the State elects to not pursue restitution for the city, then the court can enter an amended restitution order by agreement without the need of a hearing. It may also enter an order striking the incarceration costs at that time.

We remand these issues for further proceedings as described.

*Personal Restraint Petition*

Mr. Yallup in his PRP contends that his various attorneys have conspired against him and that the judge who heard a pretrial motion was biased against him. He presents

---

[7] It is entirely appropriate to order restitution to insurance companies that have had to pay for losses caused by a defendant's criminal actions. *State v. Ewing*, 102 Wn. App. 349, 7 P.3d 835 (2000).

insufficient evidence to establish his conspiracy claim and fails to demonstrate judicial bias.

We begin by noting the petitioner's heavy burdens in this action. Because of the significant societal costs of collateral litigation often brought years after a conviction and the need for finality, relief will only be granted in a PRP if there is constitutional error that caused substantial actual prejudice or if a nonconstitutional error resulted in a fundamental defect constituting a complete miscarriage of justice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005). It is the petitioner's burden to establish this "threshold requirement." *Id.* To do so, a PRP must present competent evidence in support of its claims. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 885-886, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992). If the facts alleged would potentially entitle the petitioner to relief, a reference hearing may be ordered to resolve the factual allegations. *Id.* at 886-887.

Here, Mr. Yallup has presented no evidence in support of his conspiracy contentions. Accordingly, we do not further discuss mention them. Thanks to a very helpful PRP response from the State, we have an understanding of Mr. Yallup's bias argument.

On the eve of a trial date, nearly two years after the incidents that gave rise to the charges, the State provided disclosure of a recorded statement made by Mr. Yallup while in the hospital and a police report concerning that interview. His counsel moved to dismiss the case for governmental mismanagement due to the late disclosure. The motion judge,

9

the Honorable David Elofson, instead decided to exclude the evidence and found that trial counsel had not rendered ineffective assistance in failing to investigate the episode. The court, however, also let defense counsel withdraw and a new attorney was appointed.

No transcript of the hearing before Judge Elofson was ordered up for the appeal. Mr. Yallup complains about that fact, as well as the fact that there is a gap in the recorded 911 call. The PRP fails to establish how these alleged deficiencies prejudiced him at trial or on appeal. He also fails to establish that Judge Elofson was biased against him. The fact that the judge did not rule as Mr. Yallup desired simply does not establish bias. Neither does it establish that the judge was a participant in a conspiracy against him.

The PRP fails to meet its burdens of proving facts that support the claims and that there was prejudicial error entitling him to relief.

The PRP is dismissed. The convictions are affirmed and the restitution matter is remanded for further proceedings consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.

10