[No. 6717-6-I.   Division One.   December 24, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN ROBERT DEMOS, *Appellant.*

*Ogden, Ogden & Murphy* and *Wayne D. Tanaka,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Betsy Hollingsworth, Deputy,* for respondent.

JAMES, J.—Defendant John Robert Demos was convicted at jury trial of first–degree burglary and attempted first–degree rape. We affirm.

The victim was asleep in her room at a Seattle youth hostel in January 1978 when a man entered and attempted to rape her. After she screamed, her assailant bolted from the room and hid in a women's bathroom for a short time. Witnesses observed that he was carrying his shoes and zipping up his trousers. Upon being confronted and questioned by the hostel director, he fled. Demos had been employed as a janitor at the hostel the day before the incident. Several witnesses identified him as the man who had run from the victim's room. Witnesses also testified that, immediately after the incident, the victim was upset and crying.

Before the case came to trial, defense counsel learned that the victim had been involved in two prior alleged rapes, both in December 1976. The first incident took place in Seattle. After an initial police report was made, the Seattle police were unable to contact her because she had traveled to Oregon. Consequently, the case was placed on inactive status. While in Oregon, she was again allegedly raped. The suspect claimed consent. Based in part on the results of a polygraph examination of the victim, no criminal charges were filed.

Demos sought to use evidence of the two prior incidents to show that the victim had been less than truthful with respect to rape reports. Over his objection, the trial judge granted a motion in limine to exclude the evidence. He concluded that RCW 9.79.150[1] required exclusion of the evidence of the victim's prior sexual conduct. He further concluded that, even if he had discretion, the two incidents were too remote and not sufficiently relevant to be admissible.

The Seattle police report on the December 1976 rape stated that the victim was undergoing mental health treatment. Based on that, and on the alleged Oregon rape, Demos moved before trial for a psychiatric examination of the victim. The motion was denied.

Demos' motion to reduce the attempted first–degree rape charge to attempted second–degree rape was also denied.

Demos' principal contention on appeal is that the trial judge erred by granting the motion in limine. We do not agree.

---

[1] RCW 9.79.150(3) (now codified as RCW 9A.44.020(3)) provides in part as follows:

"In any prosecution for the crime of rape or for an attempt to commit, or an assault with an intent to commit any such crime evidence of the victim's past sexual behavior including but not limited to the victim's marital behavior, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is not admissible if offered to attack the credibility of the victim . . ."

■ We need not decide whether RCW 9.79.150 as a matter of law barred the evidence in question, as the trial judge did not abuse his discretion when he concluded in the alternative the evidence was not relevant. Nothing indicates the victim lied about the earlier Seattle rape. It is inconclusive that her answers to polygraph questions concerning the Oregon incident were deceptive. The inadequacies of polygraph tests are well known; they are not generally admissible as evidence. *State v. Young*, 89 Wn.2d 613, 574 P.2d 1171 (1978).

■ Demos next contends the victim should have been ordered to undergo a psychiatric examination. His contention is without merit. The motion judge did not abuse his discretion by refusing to order an examination, as Demos presented no compelling reason. *State v. Braxton*, 20 Wn. App. 489, 580 P.2d 1116 (1978).

Demos' last contention concerns the sufficiency of the evidence on attempted first–degree rape. To be guilty of the attempt to commit a crime, an accused must have taken a substantial step toward commission of that crime with the intent to commit that specific crime. RCW 9A.28.020(1). Demos admits the evidence would sustain an attempted second–degree rape conviction. In relevant part, only the element of a felonious entry aggravates second–degree rape to first–degree rape. RCW 9.79.170(1)(d); RCW 9.79-.180(1)(a) (now codified as RCW 9A.44.040(1)(d); RCW 9A.44.050(1)(a)). He does not dispute that the entry was felonious, but he contends no evidence was introduced to show that the intruder formed the intent to commit rape until after he had entered. We do not agree. There was ample evidence from which the jury could have found beyond a reasonable doubt that the intruder had the intent to commit each necessary element of first–degree rape before his entry into the victim's room.

In his pro se supplemental brief, Demos raises many additional assignments of error. Having carefully considered them, we conclude they are without merit and will not address them separately.

Affirmed.

SWANSON, A.C.J., and WILLIAMS, J., concur.

Reconsideration denied January 30, 1980.

Review granted by Supreme Court May 7, 1980.