[No. 46894. En Banc. November 26, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN ROBERT DEMOS, *Petitioner.*

*Wayne D. Tanaka,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Betsy Hollingsworth* and *Mary Kay Barbieri, Deputies,* for respondent.

BRACHTENBACH, J.—Defendant was convicted by a jury of first degree burglary and attempted first degree rape. The Court of Appeals affirmed. *State v. Demos,* 25 Wn. App. 15, 605 P.2d 786 (1979). We granted review and affirm the Court of Appeals.

Defendant does not challenge the burglary conviction. He raises three issues concerning the attempted rape conviction: (1) Was it error for the trial court to grant the State's motion in limine to exclude two prior rape complaints by the victim, reports which defendant characterizes as arguably false? (2) Did the court err in refusing to order the

victim to submit to a psychiatric examination? (3) Should the court have reduced the charge to attempted second degree rape because the State did not prove that an intent to rape was formed prior to the felonious entry into the victim's room?

Events leading to the charges took place at a youth hostel in Seattle where defendant was in his second day of employment as a janitor. The victim was a tenant at the hostel. The victim, asleep in her room, awakened to find defendant standing over her bed. Defendant placed his arm around her neck, covered her mouth, and stated that he would cut her if she screamed. Defendant fondled her breasts, placed his hand inside her underpants and declared his intent to have intercourse. After a struggle, the victim broke free and ran for the door which defendant had apparently locked. Defendant attempted to drag her back to the bed; she screamed, he ran. Two witnesses in the hallway heard the screams and saw defendant run from the room, carrying his shoes and zipping up his pants. He ran into a women's restroom. On being questioned by a hostel employee, defendant bolted down the stairs and escaped his pursuer.

As to the first issue, the defendant intended to introduce evidence of two rape complaints made by the victim, both of which had occurred approximately 13 months prior to the subject incident. The first occurred in Seattle when this victim reported being raped by two men. The police placed the file on inactive status after they were unable to reach the victim. The apparent reason for lack of contact is that she had gone to Salem, Oregon, to meet her estranged husband. There she was allegedly raped by a man she met shortly after her arrival. She reported this incident, and submitted to two polygraph examinations. The examiner found "consistent deception" in her negative responses to the questions whether she willingly had sex, and whether she had led him on. No charges were filed.

The trial court relied upon two grounds in granting the State's motion in limine to exclude all reference to the prior

reported rapes. First, the court held that the "rape shield law", RCW 9A.44.020, prohibited such evidence, and second, that apart from the statute, the remoteness in time and the prejudicial effect of this evidence outweighed any logical connection to her credibility about the current charge.

The rape shield law provides in relevant part that:

> Evidence of the victim's past sexual behavior including but not limited to the victim's marital history, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is inadmissible on the issue of credibility and is inadmissible to prove the victim's consent . . .

RCW 9A.44.020(2).

For the statute to be applicable the evidence must relate to the victim's past sexual behavior. Whether the victim's past sexual behavior includes prior false rape reports is the obvious issue. Several courts have held that rape shield laws do not exclude evidence of past false rape accusations, *Commonwealth v. Bohannon,* 376 Mass. 90, 378 N.E.2d 987 (1978), *People v. Mikula,* 84 Mich. App. 108, 269 N.W.2d 195 (1978), but we do not reach that question since the offered evidence did not prove falsity and therefore was irrelevant.

■ Irrelevancy was the alternate ground upon which the trial court excluded the evidence. Consequently we must measure the offered testimony against the rules of relevancy. We have held:

> All facts which support a reasonable inference on a contested matter and any circumstance whereby an alleged fact may be proved or disproved are relevant. Any circumstance is relevant which reasonably tends to establish the theory of a party or to qualify or disprove the testimony of his adversary.

(Citations omitted.) *Ladley v. St. Paul Fire & Marine Ins. Co.,* 73 Wn.2d 928, 934, 442 P.2d 983 (1968). The determination of relevancy, however, is ordinarily within the discretion of the trial court. *Lamborn v. Phillips Pac. Chem.*

*Co.,* 89 Wn.2d 701, 706, 575 P.2d 215 (1978); 5 R. Meisenholder, Wash. Prac. § 1, at 2 (1965).

Inherent in any definition of relevancy is consideration of the probative value of the offered evidence. If the offered evidence does not tend to prove or to qualify or disprove an issue or lead to a permissible inference therefrom, it is not relevant. *Fenimore v. Donald M. Drake Constr. Co.,* 87 Wn.2d 85, 89, 549 P.2d 483 (1976).

Defendant's contention is that the offered proof showed that the victim had made rape complaints which were arguably false, thereby affecting her credibility as to this charge. Not so. The Seattle incident proved nothing about credibility. The victim promptly reported an alleged rape. Apparently no suspects were located. The police later were unable to contact the victim since she had left town. That proved nothing about the truth or falsity of the victim's version of the alleged rape.

█ The defendant's challenge to the credibility of the alleged rape incident in Oregon rested entirely upon the polygraph examiner's interpretation of the victim's answers. The offered polygraph evidence would have been barred entirely from admission under our cases. *State v. Young,* 89 Wn.2d 613, 621, 574 P.2d 1171, *cert. denied,* 439 U.S. 870, 58 L. Ed. 2d 182, 99 S. Ct. 200 (1978); *State v. Woo,* 84 Wn.2d 472, 527 P.2d 271 (1974). There was nothing in the offer of proof to take this offered evidence outside the rule of those cases.

The trial court did not abuse its discretion in denying admission of evidence which had no tendency to prove anything in dispute and which would have been highly prejudicial.

Pretrial investigation revealed that the victim had received mental health treatment in the past. Defendant argued the victim's condition could affect her credibility and perceptual ability, and moved to have her submit to a psychological examination. The court held a hearing on defendant's motion, but finding there was no sufficient

compelling reason to order the examination, denied the motion.

There is a division of authority as to ordering psychiatric examinations in sex crime cases. *See* Annot., *Requiring Complaining Witness in Prosecution for Sex Crime To Submit to Psychiatric Examination,* 18 A.L.R.3d 1433, § 3, at 1437 (1968). The minority holds that the court has no inherent power to compel psychiatric examinations. The vast majority holds that the trial court does have discretion to order a psychiatric examination of the complaining witness where a compelling reason is shown. *See, e.g., Ballard v. Superior Court,* 64 Cal. 2d 159, 410 P.2d 838, 49 Cal. Rptr. 302 (1966); *McDonald v. State,* 307 A.2d 796 (Del. 1973); *State v. Gregg,* 226 Kan. 481, 602 P.2d 85 (1979). We align ourselves with the majority. This appears to be the rule adopted by our Court of Appeals. *State v. Braxton,* 20 Wn. App. 489, 492, 580 P.2d 1116 (1978).

The defendant presented no compelling reason why the victim should submit to a possibly traumatic psychological examination when other more traditional and less intrusive means of assessing her credibility and perceptual ability were presumably available. The trial court carefully left the issue open for further consideration if the testimony showed that the victim's prior mental history might have a bearing upon her recitation of events at the time of the incident. The trial court did not abuse its discretion.

The first degree rape statute provides in part that:

(1) A person is guilty of rape in the first degree when such person engages in sexual intercourse with another person not married to the perpetrator by forcible compulsion where the perpetrator . . .:

. . .

(d) Feloniously enters into the building . . . where the victim is situated.

RCW 9A.44.040(1). Criminal attempt is defined in RCW 9A.28.020.

██ Defendant contends his first degree attempted rape conviction should be reduced to a second degree conviction because the State failed to prove he had intent to rape prior to his felonious entry into the victim's room. A fair reading of the applicable statutes does not require proof of intent to rape prior to a felonious entry. Nor would defendant's argument be consistent with the legislature's probable intention of punishing rapes more severely if they are accompanied by a felonious entry. In choosing between alternative statutory interpretations, the court should adopt that interpretation which best fosters the presumed legislative purpose. *Hart v. Peoples Nat'l Bank,* 91 Wn.2d 197, 203, 588 P.2d 204 (1978). We accordingly hold that any attempted rape following a felonious entry "into the building or vehicle where the victim is situated" will be in the first degree. Defendant was therefore properly convicted of first degree attempted rape.

As part of this assignment of error, the defendant argues that the court should have given his requested instructions on second degree attempted rape. Those requested instructions are not in the record nor are they set out in the brief. There is not even any reference to the numbers of those requested instructions. They will not be considered. RAP 10.3(g).

The defendant filed a pro se brief. His contentions do not merit discussion.

Affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.