[No. 3745–2–III.   Division Three.   June 18, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. SALVADORE MENDEZ, *Appellant.*

Joseph A. Ramirez, for appellant.

C. J. Rabideau, Prosecuting Attorney, and Pamela Cameron, Deputy, for respondent.

ROE, A.C.J.—Salvadore Mendez appeals his conviction of second degree assault.

The claim of error arises out of the following event: Mendez claims the complaining witness previously falsely accused her uncle of rape. The trial court refused to permit the uncle to testify to this false claim, ruling it to be irrelevant. This false complaint allegedly occurred in California. The offer of proof was not made by the uncle in court, but merely was represented to the court by the defendant's attorney.

In State v. Demos, 94 Wn.2d 733, 619 P.2d 968 (1980), the defendant alleged error in his conviction of first degree rape because the court granted the State's motion in limine to exclude two prior rape complaints by the victim. The court characterized these prior complaints as "arguably false." Demos differs from the present case in that the alleged perpetrators were not named or found and the defendant based the falsity of the accusations on the inability of the complaining witness to pass a polygraph test relating to the prior complaints. In that case as in this, a ground for exclusion was lack of relevancy. The determination of relevancy is within the discretion of the trial court. State v. Demos, supra at 736; Lamborn v. Phillips Pac. Chem. Co., 89 Wn.2d 701, 706, 575 P.2d 215 (1978); 5 R. Meisenholder, Wash. Prac., Evidence § 1, at 2 (1965). Since the proffered testimony in Demos did not go to prove any issue in dispute, it was not error to exclude it.

Here, the defendant's counsel, who had not talked to the uncle, represented to the court he would call the uncle and ask him if there had been a false rape complaint. If the

uncle denied this, the attorney would then impeach the uncle by the testimony of another witness to whom the uncle had allegedly told the story. Cross–examination of the complaining witness as to this possible act was not touched upon. The charge in this case was not rape or attempted rape, but assault. ER 608(b)[1] leaves inquiry into such conduct to the discretion of the trial court. ER 403[2] would support the discretionary act of the trial court since the date of the alleged false accusation was unknown. We find no abuse of discretion in the trial court's ruling. The judgment is affirmed.

GREEN and MUNSON, JJ., concur.

---

[1]ER 608(b):

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross–examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross–examined has testified."

[2]ER 403:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."