[No. 11561–8–I.   Division One.   August 15, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN WESLEY STEWART, *Appellant.*

*Nancy Talner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David Chappel, Deputy,* for respondent.

CORBETT, J.—Defendant, John Wesley Stewart, appeals his judgment and sentence entered on a jury verdict finding him guilty of attempted first degree rape while armed with a deadly weapon. He raises several assignments of error. Finding prejudicial error in the court's failure to instruct the jury as to each element of the offense, we reverse and remand for a new trial.

Early in the evening of September 18, 1981, the defendant had several drinks at the apartment of the alleged victim and her boyfriend, Thomas Young. At about 9 p.m., the defendant and Young left the apartment and had at least one more drink. Defendant and Young then drove to South Tacoma where they became separated. Young drove back to Seattle and arrived at his apartment sometime after 2 a.m. He found the victim injured and the defendant asleep in the bedroom with two knives lying on the floor near him. Young put the defendant out of the apartment and called the police. The victim testified that she had been dozing in her apartment when she heard a man at the door, at about 3 or 3:30 in the morning. She let the defendant in and asked him where Young was. Defendant showed the victim his fishing knives, throwing them on the carpet. The victim testified that the defendant sat quietly for awhile, then grabbed her, put a knife at her throat, and threatened to kill her if she did not tell him where Young was. She testified that there seemed to be no reason for the attack. He let her go, then later again held the knife to her, threatening to kill her. He told her to take off her clothes. Defendant then took off his pants and lay on top of the victim for about 30 seconds. No penetration occurred. He hit her on the face

several times, then intermittently touched and threatened her until he fell asleep. The investigating detective testified that the defendant told him that he had no recollection of the incident; that he blacked out after leaving the apartment earlier in the evening; and that he remembered taking a cab from South Tacoma to Seattle, but did not recall returning to the apartment. Defendant identified the knives as being his, but was unable to explain how they came to be in the apartment. He had no memory of trying to rape or injure the victim. Defendant's girlfriend testified as an alibi witness. She stated she had seen the defendant come home at 3:30 a.m. on September 19, after a cab let him out at the convenience store across the street.

Defendant first assigns error to the "to convict" instruction.[1] He did not object to this instruction at trial, but asserts that the error may be raised for the first time on appeal because it is a manifest error affecting a constitutional right. RAP 2.5(a). The challenged instruction omitted two essential elements of the offense, to wit: intent and the substantial step required for an attempt to commit the offense.

■■ Instructions which relieve the State of its burden of proof on an element of the offense constitute fundamental error which cannot be waived by trial counsel's lack of objection. *State v. McCullum*, 98 Wn.2d 484, 656 P.2d 1064

---

[1] "To convict the defendant John Wesley Stewart of the crime of attempted rape in the first degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 19th day of September, 1981, the defendant attempted to engage in sexual intercourse with Kassandra King;

"(2) That Kassandra King was not married to the defendant;

"(3) That the attempted sexual intercourse was by forcible compulsion;

"(4) That the defendant used or threatened to use a deadly weapon; or inflicted serious physical injury; and

"(5) That the act occurred in King County, Washington.

"If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

"On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty." Instruction 3.

(1983). To be guilty of an attempt to commit a crime, the defendant must have taken a substantial step toward commission of the crime with the intent to commit that specific crime. RCW 9A.28.020(1); *State v. Demos,* 25 Wn. App. 15, 18, 605 P.2d 786 (1979), *aff'd on other grounds,* 94 Wn.2d 733, 619 P.2d 968 (1980). Jurors may regard the "to convict" instruction as a complete statement of the elements of an offense. They are not required to search for other instructions to see if another element should have been included in it. *State v. Emmanuel,* 42 Wn.2d 799, 819, 259 P.2d 845 (1953). Furthermore, no other instruction informed the jury that intent and a substantial step are elements of an attempt to commit a crime. Although it is not necessary to give an instruction defining an element whose meaning is one of common understanding, *State v. Davis,* 27 Wn. App. 498, 505, 618 P.2d 1034 (1980), we cannot say that the average juror knows as a matter of common knowledge that "attempt" contains the two separate elements. The court's failure to set out these elements was an error of constitutional magnitude.

The State has the burden of proving that the error was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 23–24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967). An instructional error is harmless only if it is "*trivial,* or *formal,* or *merely academic,* and was not prejudicial to the substantial rights of the party assigning it, and *in no way affected the final outcome of the case." State v. Wanrow,* 88 Wn.2d 221, 237, 559 P.2d 548 (1977). The court gave instructions on the lesser included offense of second degree assault and on voluntary intoxication.[2] Without being informed that an attempt includes the element of intent, the jury could not know to which element the intoxication instruction was

---

[2]"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular kind or degree of crime, the fact of intoxication may be taken into consideration in determining such mental state." Instruction 8.

addressed; or, it may have assumed the instruction applied only to the second degree assault charge. Thus, we cannot say that the instructional error in no way affected the outcome of the case. A new trial is, therefore, required.

██ Defendant next assigns error to the sufficiency of the evidence, contending that he could not be found guilty of attempted first degree rape because he was too intoxicated to form the requisite intent. *State v. Mriglot,* 88 Wn.2d 573, 564 P.2d 784 (1977). The evidence concerning the degree of defendant's intoxication was disputed. There was testimony that he had consumed a substantial amount of alcohol and was apparently too drunk to drive. On the other hand, the victim testified to conversations and actions of the defendant immediately prior to the offense that indicated he was not so intoxicated as to be unable to form an intent to rape. Viewed in the light most favorable to the prosecution, a rational trier of fact could have found the element of intent beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

██ Defendant next assigns error to enhancement of his penalty for attempted first degree rape by a special deadly weapon finding, asserting it violated the double jeopardy clauses of the state and federal constitutions. The deadly weapon special verdict does not create multiple punishments for the same offense because RCW 9.95.040 neither increases the maximum sentence nor creates a separate criminal offense; it merely limits the discretion of the parole board in setting a minimum sentence by restricting the defendant's eligibility for parole. *State v. Claborn,* 95 Wn.2d 629, 637, 628 P.2d 467 (1981); *State v. Willoughby,* 29 Wn. App. 828, 834, 630 P.2d 1387 (1981). The defendant is not placed twice in jeopardy for the same offense by a deadly weapon finding. *State v. Harvey,* 34 Wn. App. 737, 741, 664 P.2d 1281 (1983).

Finally, the defendant contends that he was denied the effective assistance of counsel. We decline to address this issue as it is not likely to recur on retrial.

Reversed and remanded.

DURHAM, A.C.J., and WILLIAMS, J., concur.

Reconsideration denied October 19, 1983.