# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70034-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM BRUCE JONES, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: December 15, 2014 |
| | ) | |

Cox, J. — "[A]n accused has a protected right, under our state and federal charters, to be informed of the criminal charge against him so he will be able to prepare and mount a defense at trial."[1] Here, William Bruce Jones challenges his conviction for promoting prostitution in the second degree on the basis of his claim that the charging document is constitutionally deficient. Specifically, he claims the second amended information on which the State based its claims at trial "affirmatively misadvised him of the elements" and charged him with merely attempting to advance the prostitution of the person named in the information. Because this amended information fails to put forth with clarity every material element of the charge of promoting prostitution in the second degree, and

---

[1] State v. McCarty, 140 Wn.2d 420, 425, 998 P.2d 296 (2000).

because it does not properly inform Jones of the nature of the charge against him, we agree and reverse.

The factual basis for this case arises from the interactions between Jones and two young women, E.J. and T.M. The details of those interactions are not material to our discussion and disposition of this case. It is sufficient to say that the State initially charged Jones with Promoting Prostitution in the Second Degree in connection with E.J., one of the two women.

Under RCW 9A.88.080(1):

A person is guilty of promoting prostitution in the second degree if he or she knowingly:

(a) Profits from prostitution; or

(b) Advances prostitution.

Consistent with this statute, the State's initial information, involving only E.J., alleged:

That the defendant WILLIAM BRUCE JONES in King County, Washington, during a period of time intervening between July 28, 2012 through July 31,2012, did knowingly *advance* and profit from the *prostitution* of [E.J.].[2]

Two months later, the State amended the information to increase the severity of the charge involving E.J. to Promoting Prostitution in the First Degree. At the same time, the State added a second count charging Promoting Prostitution in the Second Degree in connection with T.M., the other woman. This amended information stated in relevant part as follows:

---

[2] Clerk's Papers at 1 (emphasis added).

That the defendant WILLIAM BRUCE JONES in King County, Washington, during a period of time intervening between July 31, 2012 through August 3, 2012, did knowingly *attempt to advance* the *prostitution* of [T.M.].[3]

Two months later, the State again amended the information. This second amended information reflects the charges for which Jones was eventually tried. This time, with regard to T.M., the State charged Jones in count II with Promoting Prostitution in the Second Degree, alleging he "did knowingly *attempt to advance* the *prostitution* of [T.M.]."[4] This mirrored the allegation in the first amended information.

Following the State's case-in-chief at trial, Jones moved to dismiss both counts for insufficient evidence. The court denied the motion. The jury acquitted Jones on count I and convicted him on count II. Thus, the only conviction before us is that for promoting prostitution in the second degree with regard to T.M.

Jones appeals.

## SUFFICIENCY OF CHARGING DOCUMENT

Jones argues, for the first time on appeal, that the amended information charging him with promoting prostitution in the second degree was constitutionally deficient. We agree.

"[A]n accused has a protected right, under our state and federal charters, to be informed of the criminal charge against him so he will be able to prepare

---

[3] Id. at 8 (emphasis added).

[4] Id. at 11 (emphasis added).

3

and mount a defense at trial."[5] The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ."[6] Likewise, our state constitution requires that "[i]n criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him . . . ."[7]

"Every material element of the charge, along with all essential supporting facts, must be put forth with clarity."[8] "[A] charging document satisfies these constitutional principles only if it states all the essential elements of the crime charged, both statutory and nonstatutory."[9]

If a charging document is challenged for the first time on appeal, this court construes it liberally and finds it sufficient "if the necessary elements appear in any form, or by fair construction may be found, on the face of the document."[10] But "'[i]f the document cannot be construed to give notice of or to contain in some manner the essential elements of a crime, the most liberal reading cannot cure it.'"[11]

---

[5] McCarty, 140 Wn.2d at 425.

[6] U.S. CONST. amend. VI.

[7] CONST. art. I, § 22.

[8] McCarty, 140 Wn.2d at 425.

[9] Id.

[10] Id. (citing State v. Kjorsvik, 117 Wn.2d 93, 105, 812 P.2d 86 (1991).

[11] Id. (alteration in original) (internal quotation marks omitted) (quoting State v. Moavenzadeh, 135 Wn.2d 359, 363, 956 P.2d 1097 (1998)).

A liberal reading involves the two-prong test set forth in State v. Kjorsvik: "(1) do the necessary elements appear in any form, or by fair construction can they be found, in the information, and if so (2) can the defendant show he or she was actually prejudiced by the inartful language."[12] If the necessary elements are not found or fairly implied, we presume prejudice and reverse without reaching the question of prejudice.[13]

Under the first prong, "Words in a charging document are read as a whole, construed according to common sense, and include facts which are necessarily implied."[14] "[I]t has never been necessary to use the exact words of a statute in a charging document; it is sufficient if words conveying the same meaning and import are used."[15] The question "is whether all the words used would reasonably apprise an accused of the elements of the crime charged."[16]

The second prong looks to whether the defendant "actually received notice of the charges he or she must have been prepared to defend against."[17] "It is possible that other circumstances of the charging process can reasonably inform the defendant in a timely manner of the nature of the charges."[18]

---

[12] Id. (citing Kjorsvik, 117 Wn.2d at 105-06).

[13] Id.

[14] Kjorsvik, 117 Wn.2d at 109.

[15] Id. at 108.

[16] Id. at 109.

[17] Id. at 106.

[18] Id.

"The purpose of this 'essential elements' rule is to give notice of the nature and cause of an accusation against the accused so that a defense can be prepared."[19] "The rule ensures that the accused is apprised 'with reasonable certainty of the nature of the accusation.'"[20]

We review de novo the adequacy of a charging document.[21]

Here, the second amended information read:

> And I, Daniel T. Satterberg, Prosecuting Attorney aforesaid further do accuse WILLIAM BRUCE JONES of the crime of **Promoting Prostitution in the Second Degree** . . . committed as follows:
>
> That the defendant WILLIAM BRUCE JONES in King County, Washington, during a period of time intervening between July 31, 2012 through August 3, 2012, did knowingly ***attempt to advance the prostitution*** of [T.M.];
>
> Contrary to RCW 9A.88.080(1)(b), and against the peace and dignity of the State of Washington.[22]

Jones challenges the adequacy of this charging document for the first time on appeal. Thus, the more liberal standard of review stated in Kjorsvik applies.

Under RCW 9A.88.080(1)(b), a person is guilty of promoting prostitution in the second degree if he or she knowingly "advances prostitution." Accordingly, the issue presented in this case is whether the addition of the word "attempt" before the words "to advance the prostitution of [T.M.]" in the charging document renders it constitutionally deficient.

---

[19] State v. Campbell, 125 Wn.2d 797, 801, 888 P.2d 1185 (1995).

[20] Id. (quoting State v. Leach, 113 Wn.2d 679, 688, 782 P.2d 552 (1989)).

[21] State v. Johnson, 180 Wn.2d 295, 300, 325 P.3d 135 (2014).

[22] Clerk's Papers at 10-11 (emphasis added).

Unlike the typical challenge to a charging document, this case is based on the addition of a word—attempt—to the charging document. Thus, this is a case of surplusage rather than omission of a word or words stating the essential elements of a charge. But counsel in this case have not presented us with any authority indicating that our analysis should be any different in a case involving this type of surplusage. And we have found no such relevant authority.

Accordingly, the question presented is whether Jones was given proper notice of the nature and cause of the accusation against him so that a defense could be prepared.

We conclude that this charging document does not "put forth with clarity" every material element of the charge due to the addition of the word "attempt" in the second part of the charging document.[23] A charging document is sufficient if words "conveying the same meaning and import" are used.[24] But the words "attempt to advance prostitution" do not convey the same meaning and import as "advance prostitution." Rather, the charging document conveys that the promoting prostitution charge occurred by virtue of the attempt to advance prostitution.

The addition of the word "attempt" is especially important in this case because the word "attempt" has independent legal significance—a substantial

---

[23] See McCarty, 140 Wn.2d at 425.

[24] Kjorsvik, 117 Wn.2d at 108.

step.[25] Thus, the surplusage alone is not the fatal error. Rather, it is the significance of this word in the context of this information that is the problem.

We further conclude that the charging document does not apprise Jones "'with reasonable certainty of the nature of the accusation.'"[26] The plain words of the first part of the amended information charge Jones with Promoting Prostitution in the Second Degree. But the remaining words in the amended information plainly charge him with an "*attempt* to *advance the prostitution*" of T.M.[27] Thus, the plain words of the charging document state two fundamentally different crimes. The first part charges promoting prostitution. And the second part charges an attempt to advance prostitution.

In reaching this conclusion, we see a useful analogy in State v. Smith.[28] In that case, Shelley Sue Smith argued that the to-convict instruction used to convict her of the conspiracy charge in her case was constitutionally defective.[29] The instruction required the jury to find that Smith "agreed with [others] to engage in . . . the performance of conduct constituting the crime of Conspiracy to Commit Murder in the First Degree[.]"[30] The supreme court agreed that the instruction

---

[25] See State v. Borrero, 97 Wn. App. 101, 106, 982 P.2d 1187 (1999).

[26] See Campbell, 125 Wn.2d at 801 (quoting Leach, 113 Wn.2d at 688).

[27] (Emphasis added.)

[28] 131 Wn.2d 258, 930 P.2d 917 (1997)).

[29] Id. at 262.

[30] Id. (alterations in original) (internal quotation marks omitted).

was plainly defective.[31] It did so because the instruction "described the even more inchoate crime of conspiracy to commit conspiracy to commit murder."[32] It reversed Smith's conviction and remanded for a new trial on the conspiracy charge.[33]

The error in this charging document is substantially similar. It describes the even more inchoate crime of attempting to advance prostitution.

We conclude that Smith provides a helpful parallel, because it invokes many of the same principles applicable to charging documents. Like a charging document, a to-convict instruction must contain all the essential elements of the crime, and an appellate court should not look to other documents to supply the missing information.[34] Likewise, the purpose of this rule is to give proper notice to a defendant of what charges are being made.[35] This is akin to giving a jury legal instruction on what it must use to convict. The fact that Smith involved a jury instruction, not a charging document, is not a material distinction for purposes of our analysis here.

In sum, the charging document in this case is constitutionally deficient because it fails to put forth with clarity every material element and fails to give proper notice of the charge so that a defense can be prepared. Consequently, a

---

[31] Id.

[32] Id.

[33] Id. at 266.

[34] See State v. Emmanuel, 42 Wn.2d 799, 819-20, 259 P.2d 845 (1953).

[35] Campbell, 125 Wn.2d at 801.

9

prejudice analysis is not necessary, because "'[i]f the document cannot be construed to give notice of or to contain in some manner the essential elements of a crime, the most liberal reading cannot cure it.'"[36]

The State presents several arguments that the charging document is sufficient. We are not persuaded by any of them.

The State argues that "in this context, the addition of the superfluous word 'attempt' does not render the information constitutionally deficient."[37] It points out that one of the statutory definitions of "advances prostitution" is "engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution."[38] And it cites State v. Cann, where the supreme court examined this statutory language and determined that "an attempt is covered under the language used."[39] Thus, the State argues that because attempted activities can constitute advancing prostitution, the essential elements are fairly implied.

A plain reading of the amended information refutes this. The State's argument essentially requires that we read the charging document to say that Jones "knowingly attempted to attempt to advance prostitution." Even with this substituted definition, one that brings with it some lack of clarity of its own, the

---

[36] McCarty, 140 Wn.2d at 425 (alteration in original) (internal quotation marks omitted) (quoting Moavenzadeh, 135 Wn.2d at 363).

[37] Brief of Respondent at 16.

[38] Id. at 17-18 (quoting RCW 9A.88.060(1)).

[39] 92 Wn.2d 193, 198, 595 P.2d 912 (1979)).

State nevertheless failed to put forth with clarity every material element, and it charged Jones with a lesser inchoate crime.

The State cites two cases for the proposition that the word "attempt" in a charging document encompasses the requirement of a "substantial step."[40] While this is true, the State fails to explain how this negates the adverse effect of the additional word "attempt" in the charging document. We see nothing to convince us, under the circumstances of this case, that the addition of this word had no effect.

The State also argues that the "charged crime was clearly designated as the completed offense of 'Promoting Prostitution in the Second Degree.'"[41] And it points out that the charging document does not reference RCW 9A.28.020—the statute for criminal attempt.[42]

But "[m]erely citing to the proper statute and naming the offense is insufficient to charge a crime unless the name of the offense apprises the defendant of all of the essential elements of the crime."[43] And more importantly, the State provides no authority that failing to cite to the criminal attempt statute overcomes misadvising Jones of the essential elements and the failure to put forth with clarity the essential elements.

---

[40] Brief of Respondent at 16-17 (citing State v. Rhode, 63 Wn. App. 630, 636, 821 P.2d 492 (1991), review denied, 118 Wn.2d 1022 (1992); State v. Borrero, 147 Wn.2d 353, 363, 58 P.3d 245 (2002)).

[41] Id. at 16.

[42] Id.

[43] State v. Vangerpen, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995).

Finally, the State argues that Jones could have requested a bill of particulars and that his failure to do so means that he has waived any argument that the information is vague with regards to the term "advanced prostitution." But "Washington courts have repeatedly distinguished informations which are constitutionally deficient and those which are merely vague."[44] Because we conclude that this charging document is constitutionally deficient, we reject this argument.

In sum, a plain reading of the charging document supports Jones's post-verdict challenge to the amended information in this case. The addition of mere surplusage, alone, does not constitute the defect here. It is the significance of the word—attempt—that fails to put forth with clarity every material element of the charge of promoting prostitution in the second degree and does not properly inform Jones of the nature of the charge against him. The only remaining question is what remedy controls.

The proper remedy for a conviction based on a defective information is dismissal without prejudice.[45] We have not been presented with any argument that this remedy is inappropriate in this case.

Because we reverse on the basis of the deficient charging document, we need not address the remaining arguments that Johnson advances in this appeal.

---

[44] State v. Noltie, 116 Wn.2d 831, 843, 809 P.2d 190 (1991).

[45] Vangerpen, 125 Wn.2d at 792-93.

We reverse and dismiss without prejudice.

Cox, J.

WE CONCUR:

Becker, J.