Harvey O'CONNOR, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13049.

United States Court of Appeals
District of Columbia Circuit.

Argued June 15, 1956.

Decided Dec. 20, 1956.

Messrs. Leonard B. Boudin, New York City, and Gerhard Van Arkel, Washington, D. C., for appellant.

Mr. William Hitz, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, and Harold D. Rhynedance, Jr., Asst. U. S. Attys., were on the brief for appellee.

Mr. E. Ladd Thurston, Washington, D. C., filed a brief on behalf of American Civil Liberties Union as amicus curiae, urging reversal.

Before EDGERTON, Chief Judge, and FAHY and BURGER, Circuit Judges.

PER CURIAM.

Appellant was convicted by a District Judge, trial by jury having been waived, of contempt of Congress as defined in 52 Stat. 942 (1938), 2 U.S.C. § 192 (1952).[1] The indictment charged that in testifying before the Permanent Subcommittee on Investigations of the Senate Committee on Government Operations appellant refused to answer the question "whether he was a member of the Communist conspiracy" when he wrote certain books which had been purchased by the State Department and distributed in United States Information Centers.

Appellant contends that neither the Committee nor the Subcommittee was authorized by the Senate to make

1. The section provides in pertinent part: "Every person who having been summoned as a witness by the authority of either House of Congress to give testimony * * * who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor * *."

the investigation during which the question was asked. He challenges also the pertinency of the question, with special reliance upon the First Amendment. We do not pass upon these contentions, for the conviction in any event must be set aside because the question asked was so imprecise and ambiguous that appellant's refusal to answer was not a crime. We point out that he was not indicted for refusing to say whether or not he was a member of the Communist Party, or of any other named or identifiable organization, or whether or not he had engaged in any particular activity. [2]

The Sixth Amendment to the Constitution provides that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation. So, also, Rule 7(c), Fed. Rules Crim.Proc. 18 U.S.C.A. This required in the present case that the question set forth in the indictment be definite enough to enable the accused to answer it with knowledge of its meaning. Unless this is required one who desires to answer a question truthfully can have no assurance of being able to do so because of uncertainty of the meaning attached to it by the interrogator. In United States v. Lattimore, 94 U.S. App.D.C. 268, 215 F.2d 847, we held void for vagueness an indictment charging the defendant with perjury in denying before a Congressional Committee that he was a sympathizer of Communism or Communist interests. We held that the accused was unable, and therefore could not be required, to defend against so vague a charge. The principle applies where the question is so vague that the witness is unable to answer with knowledge of its meaning. See, also, Traub v. United States, 98 U.S. App.D.C. 43, 232 F.2d 43, 47.

[3] That a question whether the appellant was at any time during the course of many years [3] in "the Communist conspiracy" is lacking in definiteness is shown by the following testimony, at appellant's trial, of the Committee Chairman who had asked appellant the question:

"Q. So there are a group of people who are not members of the party who could be members of the Communist conspiracy. A. They could be.

"Q. Who would determine who these people are? A. I don't know.

"Q. Would you undertake to make that judgment? A. No."

One cannot be held guilty of criminal contempt for refusing to answer a question the intended scope of which is so uncertain that if he attempts to answer it truthfully, according to his understanding of the meaning, he runs the risk of being indicted for perjury because others understand it differently. [4]

[4] The Government urges, however, that when the accused was before the Subcommittee he did not complain that the question was too vague. His refusal was based on the First Amendment and the Committee's lack of authority. We dealt with a similar problem in Bowers v. United States, 92 U.S.App.D.C. 79, 202 F.2d 447, where we held that the question of pertinency could be raised at the trial, though it had not been raised before the Committee. We pointed out that the Fifth Amendment privilege against self-incrimination is a personal privilege which must be seasonably asserted, else it is waived, but that pertinency of the question is an essential element of the crime of contempt and must be proved at the trial. It is true

2. Before the Subcommittee appellant said, "I am not asserting the privilege against self-incrimination." And on his trial he refused to claim this privilege when asked if he was a member of the Communist Party. He indicated a willingness to answer if directed to do so by the Court; but the Court ruled he need not answer.

3. The books were written in the years between 1933 and 1950.

4. The existence of a Communist conspiracy does not obviate the necessity of advising the witness what is meant by such a conspiracy when he is asked to say whether or not he had been a member of it.

that pertinency is made an essential element by the statute defining the crime, while definiteness is not. Note 1 supra. But the Sixth Amendment to the Constitution makes definiteness an essential element of every crime. For this reason definiteness, as well as pertinency, must appear at the trial itself. [5]

Reversed.

---

5. Whether or not definiteness may be waived at the trial is not before us.