STATE of Missouri, Respondent,

v.

John Henry WARD, Appellant.

No. 38631.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 23, 1978.

Motion for Rehearing and/or Transfer
Denied July 14, 1978.

Application to Transfer Denied
Sept. 12, 1978.

Robert C. Babione, Public Defender, John Putzel, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant was charged with carrying a concealed weapon in violation of § 564.610, V.A.M.S. His motion to suppress evidence was heard and denied. The jury found him guilty and the trial court assessed punishment at five years' imprisonment. Defendant has appealed.

■ Defendant preliminarily contends the information is fatally defective because it contains no word indicating an intent to carry a concealed weapon. An indictment or information must be a plain, concise and definite statement of the essential facts. Supreme Court Rule 24.01(a), VAMR. Intent is a necessary element of the offense charged. *State v. Carter*, 259 Mo. 349, 168 S.W. 679[2] (1919); *State v. Jones*, 523 S.W.2d 152[8] (Mo.App.1975).

■ *State v. Jordan*, 495 S.W.2d 717[7] (Mo.App.1973), held intent may be inferred from the act of concealment. *State v. Connor*, 318 Mo. 592, 300 S.W. 685[2] (1927), held an information charging an act to have been done "unlawfully and feloniously," as here, sufficiently implies the act was done "willfully" unless the statute defining the crime specifically makes willfullness an element thereof. Here the information charges defendant with "unlawfully and feloniously" carrying a concealed weapon upon his person. Accordingly, intent to do the act is inferred and need not be expressly stated.

■ Defendant's principal contention is that the trial court erred in denying his motion to suppress evidence because the weapon was seized in violation of his Fourth Amendment rights.

The record shows police officer Haynes, assigned to a hospital receiving room, saw defendant enter the room and observed a bulge under his shirt which appeared to be the outline of a gun. At the hearing on the motion to suppress, officer Haynes testified he reached under defendant's shirt, seized the gun and made the arrest.

We hold the trial court properly denied defendant's motion to suppress since officer Haynes seized the weapon while making a valid "stop and frisk." *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), held that in appropriate circumstances, a policeman may stop an individual for investigative purposes and may conduct a limited search for weapons in the absence of probable cause to arrest. Missouri courts have agreed. See *State v. Johnson*, 504 S.W.2d 23[1] (Mo.1973); *State v. Sanders*, 530 S.W.2d 749 (Mo.App.1975); *State v. Taylor*, 538 S.W.2d 761[4–6] (Mo.App.1976).

A comparable issue was before the court in *Johnson, supra*. There a patrolling police officer in a "high crime area" saw defendant in a retail store and observed a bulge at his waist that appeared to be a gun. The defendant was acting peacefully but declined to answer the officer's questions. The officer then "patted" defendant, and when the bulge felt like a weapon he reached under defendant's coat and found a revolver. In analyzing the admissibility of the weapon, the court distinguished a "stop and frisk" search from a search upon a lawful arrest, and held: "The Court recognized in *Terry* that the policeman making a reasonable investigatory stop should not be denied the opportunity to protect himself from attack by a hostile suspect. 'When an

officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others,' he may conduct a limited protective search for concealed weapons."

Here, officer Haynes saw the bulge in defendant's shirt which appeared to be a gun. In the light of his observation an investigative stop was reasonable. Upon being questioned defendant claimed to be a policeman but could offer no valid identification. He then admitted he was carrying a gun. At that point, officer Haynes was justified in believing defendant was armed and acted reasonably in frisking defendant to protect himself and others in the receiving room. The gun was seized pursuant to a valid "stop and frisk" and the trial court properly denied defendant's motion to suppress.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.