[No. 22101-9-I.   Division One.   August 21, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. MIGUEL ANGEL NIEBLAS–DUARTE, *Appellant.*

*Robert M. Leen,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *William Lipscomb, Deputy,* for respondent.

WINSOR, J.—Miguel Angel Nieblas–Duarte appeals from a judgment and sentence for violations of the Uniform Controlled Substances Act. We affirm.

Nieblas–Duarte was charged with two counts of delivery of a controlled substance in violation of RCW 69.50.401(a). Count 1 charged:

> That the defendant Miguel Nieblas–Duarte, in King County, Washington, (on or about) the 9th day of January, 1987, unlawfully and feloniously did deliver to another a certain controlled substance, and a narcotic drug, to–wit: cocaine, a derivative of coca leaves;
> Contrary to RCW 69.50.401(a) . . .

Count 2 was similar, but concerned acts occurring on January 15, 1988. A jury found Nieblas–Duarte guilty as charged.

The statute under which Nieblas–Duarte was charged, RCW 69.50.401(a), makes it unlawful to "manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." When the crime charged under this provision is delivery of a controlled substance, the State must also prove an additional, court imposed element: that the defendant acted with guilty knowledge, *i.e.,* that he or she understood the identity of the product being delivered. *State v. Boyer,* 91 Wn.2d 342, 344, 588 P.2d 1151 (1979). The *Boyer* court imposed this requirement because:

> without the mental element of knowledge, even a postal carrier would be guilty of the crime were he innocently to deliver a

package which in fact contained a forbidden narcotic. . . . Accordingly, . . . guilty knowledge is intrinsic to the definition of the crime itself.

91 Wn.2d at 344.

Nieblas–Duarte contends that *Boyer* requires the State to enunciate the guilty knowledge element in an information charging unlawful delivery. He argues that its failure to do so here renders the information constitutionally insufficient and requires dismissal of the charges.[1] Nieblas–Duarte raises this contention for the first time on appeal.

The State responds that because the guilty knowledge element was established by case law, its inclusion in an information is not constitutionally required. The State relies on *State v. Holt,* 104 Wn.2d 315, 320, 704 P.2d 1189 (1985), where the court ruled that "[t]he omission of any *statutory* element of a crime in the charging document is a constitutional defect which may result in dismissal of the criminal charges." (Italics omitted. Italics ours.)[2]

■ We hold that it is irrelevant for purposes of evaluating the constitutionality of an information that an omitted element was established by the court. It is well settled that use of statutory language in charging a crime is sufficient

---

[1] "An accused has a constitutional right to be informed of the nature and cause of the accusation against him or her". *State v. Bergeron,* 105 Wn.2d 1, 18, 711 P.2d 1000 (1985); U.S. Const. amend. 6; Const. art. 1, § 22 (amend. 10). A criminal charge must therefore contain the elements of the crime charged and fairly inform a defendant of the charge against which he or she must defend. *E.g., State v. Unosawa,* 29 Wn.2d 578, 589, 188 P.2d 104 (1948); *State v. Randall,* 107 Wash. 695, 696–97, 182 P. 575 (1919).

[2] The State also relies upon *State v. Smith,* 49 Wn. App. 596, 744 P.2d 1096 (1987), *review denied,* 110 Wn.2d 1007 (1988), as a basis for distinguishing between statutory and case law elements omitted from a charging document. In *Smith,* the majority upheld an information charging possession of stolen property, despite the State's failure to aver knowledge, an element of the statutory definition of "possessing stolen property." 49 Wn. App. at 598–601. We need not address the correctness of *Smith.* In our opinion, *Smith* is inapposite because it concerns omission of a statutory definition; it does not involve omission of an element.

only "where such crime is there defined".[3] *State v. Randall*, 107 Wash. 695, 696, 182 P. 575 (1919); *accord, State v. Royse*, 66 Wn.2d 552, 557, 403 P.2d 838 (1965) (charging crime in statutory language sufficient only if the statute defines with certainty the offense it creates); *State v. Unosawa*, 29 Wn.2d 578, 589, 188 P.2d 104 (1948) (information must charge a crime, otherwise there is no charge upon which defendant can be tried or convicted); *State v. Minium*, 26 Wn. App. 840, 842, 615 P.2d 511 (1980) (information must allege all essential elements of a crime, including a scienter requirement implied in law). Consequently, our focus must be on whether an information states a charge upon which the defendant can be tried and convicted, *i.e.*, whether it sets forth all the essential elements of the crime charged,[4] and not simply whether it contains all the statutory elements.

Before examining the Nieblas–Duarte information in this manner, we note that principles of stare decisis may require us to uphold the information's sufficiency. In *State v. Smith*, 104 Wn.2d 497, 707 P.2d 1306 (1985), a divided court summarily upheld an information which, like the one at issue here, charged delivery of a controlled substance but

---

[3]Federal law is in accord. Federal courts have long followed the rule that statutory language may be used to charge a crime only if "'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117, 41 L. Ed. 2d 590, 94 S. Ct. 2887 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612, 26 L. Ed. 1135 (1881)).

[4]Courts in other jurisdictions also adhere to an "essential elements rule." *See, e.g., Thomas v. State*, 522 P.2d 528, 530 (Alaska 1974); *State v. Gasnik*, 10 Ohio Misc. 2d 23, 461 N.E.2d 333 (1983); *State v. Minor*, 197 Kan. 296, 416 P.2d 724, 727 (1966); *State v. Davenport*, 326 A.2d 1, 9 (Me. 1974).

Many courts, our own included, have described the essential elements requirement as "quasi–jurisdictional" or "jurisdictional" in nature. *E.g., Cervantes v. People*, 715 P.2d 783, 786 (Colo. 1986); *Kansas City v. Carlock*, 12 Kan. App. 2d 41, 733 P.2d 1273, 1274 (1987); *State v. Blais*, 391 A.2d 1198, 1201 (Me. 1978); *Williams v. State*, 302 Md. 787, 490 A.2d 1277, 1280 (1985); *People v. Iannone*, 45 N.Y.2d 589, 384 N.E.2d 656, 412 N.Y.S.2d 110, 118 (1978); *State v. Leach*, 53 Wn. App. 322, 329, 766 P.2d 116, *review granted*, 112 Wn.2d 1017 (1989).

omitted the guilty knowledge element of that crime. The *Smith* court said:

> The second pro se issue is whether the defendant received *insufficient notice* of the charges pending against him because the information failed to allege knowledge as an element of the offense or the names of those who received the delivered cocaine.
>
> The defendant . . . raises this issue initially on appeal. He has shown no prejudice or any lack of understanding of the charge against him. The information was not *unconstitutionally vague.* It will not be considered on appeal.

(Italics ours.) *Smith,* 104 Wn.2d at 509.

The *Smith* majority thus did not reach the issue before us: whether such an information states all the essential elements of the crime charged. The dissent did reach this issue, however, and argued that the *Smith* information was constitutionally deficient because it omitted an essential element. *Smith,* 104 Wn.2d at 516 (Pearson, J., dissenting). Because of the uncertainty engendered by the disparity between the issues considered by the *Smith* majority and dissent, we find it appropriate to reach the merits of Nieblas–Duarte's contentions.

■ Critical to our analysis is the rule that an information need not state the statutory elements of an offense in the precise language of the statute, but may instead use words conveying the same meaning and import as the statutory language. *State v. Jeske,* 87 Wn.2d 760, 765, 558 P.2d 162 (1976); *State v. Moser,* 41 Wn.2d 29, 31, 246 P.2d 1101 (1952). The same rule applies to nonstatutory elements. *See Minium,* 26 Wn. App. at 842. Thus, we must determine whether language contained in the information at issue conveys the same meaning as "knowledge."

■ The information states that Nieblas–Duarte acted "unlawfully and feloniously." The weight of authority favors the rule that

> [a]n indictment which charges that a person "unlawfully and feloniously" performed an act is equivalent to alleging that he knowingly did so, and thus supplies the element of knowledge where that element is necessary for averment in the indictment.

*State v. Reynolds,* 229 Or. 167, 172, 366 P.2d 524, 526 (1961).[5] Moreover, "feloniously" has been acknowledged by the Washington court to mean "'with intent to commit a crime.'" *State v. Smith,* 31 Wash. 245, 248, 71 P. 767 (1903). Indeed, the term "felonious" is legally defined as a "technical word of law [that] means done with intent to commit crime, *i.e.* criminal intent." Black's Law Dictionary 555 (5th ed. 1979). We therefore hold that because the Nieblas–Duarte information contains the phrase "unlawfully and feloniously," it conveys the knowledge element and meets constitutional criteria.

---

[5]Cases holding sufficient indictments or informations which do not explicitly aver knowledge or intent on the ground those elements can be inferred from "feloniously," or "unlawfully and feloniously," include: *Howenstine v. United States,* 263 F. 1, 4 (9th Cir. 1920); *United States v. O'Connor,* 135 F. Supp. 590, 592–93 (D.D.C. 1955), *rev'd on other grounds,* 240 F.2d 404 (D.C. Cir. 1956); *Thomas,* 522 P.2d at 530–31; *Gallegos v. People,* 161 Colo. 158, 161, 420 P.2d 409, 410 (1966); *Thomas v. State,* 278 So. 2d 469, 471 (Miss. 1973); *State v. Ward,* 569 S.W.2d 249, 250 (Mo. Ct. App. 1978); *State v. Shedoudy,* 45 N.M. 516, 118 P.2d 280, 287 (1941); *State v. Hargon,* 2 Or. App. 553, 470 P.2d 383, 384 (1970); *Gonzales v. State,* 551 P.2d 929, 931 (Wyo. 1976); *see also People v. Willett,* 102 N.Y. 251, 6 N.E. 301, 302 (1886) (pleading alleging that defendant "'[d]id feloniously steal'" sufficient to aver criminal intent); *State v. Halpin,* 16 S.D. 170, 91 N.W. 605 (1902) (feloniously, when applied to an act, means the act was done with criminal intent). Numerous additional cases holding generally that feloniously implies criminal intent are cited in *State v. Green,* 60 Wis. 2d 570, 211 N.W.2d 634, 635–36 (1973) (Hansen, J., dissenting).

On the other hand, many courts hold that unlawfully, used alone, does not aver a mens rea element. *See, e.g., United States v. Pupo,* 841 F.2d 1235, 1238–39 (4th Cir.), *cert. denied,* __ U.S. __, 102 L. Ed. 2d 87, 109 S. Ct. 113 (1988); *United States v. Morrison,* 536 F.2d 286, 289 (9th Cir. 1976); *Hughes v. United States,* 338 F.2d 651, 652 (1st Cir. 1964); *State v. Parks,* 161 W. Va. 511, 243 S.E.2d 848, 850 (1978); *Embry v. State,* 229 Ind. 179, 96 N.E.2d 274, 275 (1951). Others find unlawfully or feloniously do not aver a mental state element for reasons unique to the case or jurisdiction. *E.g., State v. Schneider,* 60 Wis. 2d 563, 211 N.W.2d 630, 632–33 (1973) (under Wisconsin law, feloniously describes the gravity of a crime, it does not allege a mental state). One authority states "[a]n allegation that an act was done 'feloniously' or 'unlawfully' is not a sufficient allegation of criminal intent." 1 C. Wright, *Federal Practice* § 125, at 378–79 (2d ed. 1982). Another, noting that the cases are inconsistent, states that courts are "more willing to find certain elements alleged by implication than others", and that "the element of mens rea ordinarily will require a more explicit allegation." 2 W. LaFave & J. Israel, *Criminal Procedure* § 19.2, at 453 (1984).

Although we hold the instant information sufficient, it would certainly be better practice for prosecutors to allege "knowingly" in plain English, rather than merely charging that a defendant acted "unlawfully and feloniously."

The judgment and sentence are affirmed.

SCHOLFIELD and PEKELIS, JJ., concur.

Review denied at 113 Wn.2d 1030 (1989).