[No. 26258-4-II.   Division Two.   December 7, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. EMMANUEL ONEAL CUBLE, *Appellant*.

364

*Patricia A. Pethick*, for appellant (appointed counsel for appeal).

*Gerald A. Horne, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

HUNT, J. — Emmanuel Oneal Cuble appeals a jury conviction of first degree unlawful firearm possession. He argues that the charging document and the to-convict instruction lacked the essential element of knowledge. We hold that the information was not defective, but the to-convict instruction, coupled with the unwitting possession instruction, displaced the burden of proving knowing possession from the State to Cuble. Therefore, we reverse.

## FACTS

### I. ARREST

After consuming a considerable amount of cognac with a friend, Cuble went to two bars, Sig's and Galloping Gertie's (Gertie's). At Sig's, he drank two pitchers of beer. At Gertie's, he consumed several mixed drinks. Cuble's behavior deteriorated, and the bartender asked him to leave.

Cuble cornered the bartender in a menacing manner, and another patron, Rick Hannah, came to the bartender's assistance. While the bartender called the police, Hannah pushed Cuble out the door. Cuble told Hannah that he "was going to get his heat and come back in and settle this." Hannah understood "heat" to mean a gun.

Cuble and two friends got into their car to leave. Cuble claimed that he was attempting to fasten his seat belt in the backseat when Pierce County Sheriff's Officer Joseph Kolp arrived. Approaching Gertie's, Kolp saw Hannah point at a vehicle leaving the parking lot and heard him shout, "That's them" and, "There's a gun in the car." Kolp stopped the vehicle.

The driver and front seat passenger complied with the officer's directions, but Cuble did not. He did not show his hands and exit the vehicle as directed by the officer; instead, he remained crouched in the backseat. Officers removed Cuble from the vehicle and searched it. In the backseat they found a "balled up" jacket with a gun in the pocket. The officers arrested Cuble and advised him of his constitutional rights, which he waived.

Cuble told Kolp that he had been involved in an altercation at Sig's, had wrestled a gun from a white male, used the gun to hit the man, put the gun in his pocket, and then left with friends for Gertie's. Cuble told the officers that it was "okay" for him to have a gun because most of his convictions were juvenile.

## II. TRIAL

The State charged Cuble with first degree unlawful possession of a firearm. In a CrR 3.5 pretrial hearing, Cuble moved to exclude his postarrest statements, arguing that they were not knowing, voluntary, and intelligent because he was intoxicated. The trial court denied Cuble's motion and ruled the statements admissible. Cuble stipulated that he had been previously convicted of a serious offense.

At trial, Cuble testified that neither the coat nor the gun were his and that he had no knowledge that the gun was in

the vehicle's backseat. He denied having told Kolp about the incident at Sig's, having acknowledged possession of the gun, and having threatened anyone when he was ejected from Gertie's. He did not object to the court's jury instructions. At his request, the trial court gave an unwitting possession instruction. The jury convicted Cuble as charged.

## ANALYSIS

### I. "KNOWLEDGE" OMISSION RAISED FIRST TIME ON APPEAL

██ At trial, Cuble did not challenge the information's or jury instructions' omission of knowledge as an element of unlawful firearm possession. We review an issue raised for the first time on appeal only if it is a "manifest error affecting a constitutional right." RAP 2.5(a)(3); *State v. Scott*, 110 Wn.2d 682, 684-85, 757 P.2d 492 (1988); *State v. Contreras*, 92 Wn. App. 307, 311, 966 P.2d 915 (1998). The constitutionality of a conviction is such a right.

### II. INFORMATION

██ To support a constitutional conviction, the information must include all essential elements of the charged crime, statutory or otherwise, such that it affords the accused notice of the nature and cause of the charges against him. CONST. art. I, § 22 (10); U.S. CONST. amend. 6. *See also* CrR 2.1(a). Conversely, a conviction is unconstitutional if the information does not meet this standard. *See State v. Kjorsvik*, 117 Wn.2d 93, 100-01, 812 P.2d 86 (1991). But where, as here, a defendant does not challenge the sufficiency of the information until after a guilty verdict, we construe the information liberally in favor of validity. *Kjorsvik*, 117 Wn.2d at 102.

### A. "KNOWLEDGE" AS A NONSTATUTORY ELEMENT

█ RCW 9.41.040 defines unlawful first degree firearm possession as follows:

(1)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted in this state or elsewhere of any serious offense as defined in this chapter.

Although the statute does not expressly mention "knowledge" as an element of unlawful firearm possession, our Supreme Court has held that this crime implicitly includes "knowledge" as a necessary element. *State v. Anderson*, 141 Wn.2d 357, 362, 5 P.3d 1247 (2000).

B. "UNLAWFULLY AND FELONIOUSLY" MEAN "KNOWINGLY"

■ ■ At least some language in the information must give notice of each element. *Kjorsvik*, 117 Wn.2d at 104. We look first to the face of the charging document to see whether "the necessary facts appear in any form, or by fair construction can they be found, in the charging document[.]" *Kjorsvik*, 117 Wn.2d at 105; *State v. Leach*, 113 Wn.2d 679, 688, 782 P.2d 552 (1989).

Here, the information read:

I, JOHN W. LADENBURG, Prosecuting Attorney for Pierce County, in the name and by the authority of the State of Washington, do accuse EMMANUEL ONEAL CUBLE AKA EMMANUEL LEE MOLHARE of the crime of UNLAWFUL POSSESSION OF A FIREARM IN THE FIRST DEGREE, committed as follows:

THAT EMMANUEL ONEAL CUBLE AKA EMMANUEL LEE MOLHARE, in Pierce County, on or about the 5th day of April, 2000, did *unlawfully and feloniously* own, have in his possession, or under his control a firearm, to wit: a .380 handgun, he having been previously convicted in the State of Washington or elsewhere of a serious offense, to-wit: Robbery in the Second Degree-Three Counts and Assault in the Second Degree, contrary to RCW 9.41.040(1)(a), and against the peace and dignity of the State of Washington.

Clerk's Papers (CP) at 1-3 (emphasis added).

The information does not expressly allege that Cuble *knew* that he possessed the firearm. But by "fair construction," the information contains the necessary facts. *Kjorsvik*, 117 Wn.2d at 106. Its included terms "unlawfully and feloniously" suffice to charge the knowledge element. *State v. Krajeski*, 104 Wn. App 377, 384-86, 16 P.3d 69, *review denied* 144 Wn.2d 1002.[1]

### III. INSTRUCTIONS

The State has the burden to plead, to instruct, and to prove knowledge in addition to the other statutory elements of unlawful possession of a firearm. *Anderson*, 141 Wn.2d at 366. Cuble contends that (1) the to-convict jury instruction, Number 9, omitted the essential element of knowledge, and (2) taken in combination with the unwitting possession instruction, Number 7, the instructions improperly shifted the burden of proof from the State to him. Whether a jury instruction correctly states the applicable law is a question of law that we review de novo. *State v. Scherz*, 107 Wn. App. 427, 431, 27 P.3d 252 (2001) (citing *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995)).

### A. TO-CONVICT INSTRUCTION

Jury Instruction No. 9 read as follows:

To convict the defendant of the crime of Unlawful Possession of a Firearm in the First Degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about the 5th day of April, 2000, the defendant owned a firearm or had a firearm in his possession or control;

---

[1] In *Krajeski*, we incorporated the Supreme Court's recent *Anderson* holding that knowledge is an essential element of the crime of unlawful possession of a firearm. We held that a charging document's use of the phrase "unlawfully and feloniously" adequately informed the defendant that the State was charging him with knowing possession of a firearm. *Krajeski*, 104 Wn. App at 384. *See also State v. Nieblas-Duarte*, 55 Wn. App. 376, 381, 777 P.2d 583 (1989), in which we held that the phrase "unlawfully and feloniously" conveyed the knowledge element necessary for the delivery of a controlled substance.

(2) That the defendant had previously been convicted of a serious offense; and

(3) That the ownership, possession or control of the firearm occurred in the State of Washington. . . .

CP at 15. We agree with Cuble that this to-convict instruction was erroneous under *Anderson* because (1) it omitted knowledge as an element, and (2) it failed to instruct the jury that the burden was on the State to prove that Cuble knew he was in possession of the firearm.

B. UNWITTING POSSESSION INSTRUCTION

We also agree with Cuble that the unwitting possession jury instruction, No. 7,[2] prejudiced his case. The *Anderson* Court held that "the Legislature intended to place the burden on the State to prove a culpable mental state," which for unlawful firearm possession is "knowledge." *Anderson*, 141 Wn.2d at 366. "[T]he existence of an affirmative defense of unwitting conduct," here, possession, does not cure omission of the knowledge element from the to-convict instruction because

[t]he burden of proof to establish such a defense resides with the defendant thus *[impermissibly] relieving the State of its traditional burden to prove each element* of the crime by evidence which is convincing beyond a reasonable doubt.

*Anderson*, 141 Wn.2d at 366 (emphasis added).

Similarly here, the to-convict instruction eliminated the State's inalienable burden to prove that Cuble knew that the firearm was in the coat next to him in the backseat of the car. This deficient to-convict instruction standing alone

---

[2] Instruction No. 7 provided:

A person is not guilty of possession of a weapon if the possession is unwitting. Possession of a weapon is unwitting if a person did not know that the weapon was in his possession.

The burden is on the defendant to prove by a preponderance of the evidence that the weapon was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.

CP at 13.

was reversible error in light of Cuble's defense that he neither possessed nor knew about the firearm. The unwitting possession instruction further amplified the prejudice created by the deficient to-convict instruction: It wrongly placed the burden to prove *lack of knowledge* on Cuble, without the State having *first* proved *knowing* possession.

The State argues that when Cuble requested the unwitting possession instruction, he assumed the burden to disprove that his possession was knowing, thus displacing the State's affirmative burden to prove knowledge and inviting the error. We disagree. This argument contravenes the Supreme Court's *Anderson* holding that knowledge is an essential element of unlawful firearm possession, for which the State *alone* bears the burden of proving all elements. That Cuble requested the unwitting possession instruction could not constitutionally operate to relieve the State of this burden or to mitigate the to-convict instruction's deficiency.[3]

The State further magnified these instructional errors when, in closing argument, the prosecutor argued that the unwitting possession instruction simply indicates that the *defendant* bears the burden to prove by a preponderance of the evidence that he did not know that the coat and gun were next to him in the backseat of the car.

We hold that (1) the information was not defective, (2) the to-convict possession instruction erroneously omitted the essential, nonstatutory element of knowledge, which, (3) taken together with the unwitting possession instruction, erroneously shifted the burden of proof from the State to Cuble. Accordingly, we reverse and remand for a new trial.

ARMSTRONG, C.J., and HOUGHTON, J., concur.

---

[3] Because we reverse based on the instructions, we do not reach the issue of ineffective assistance of counsel. Moreover, at the time of Cuble's trial, from June 5 through 8, 2000, and on July 28, 2000, the Supreme Court had not rendered the *Anderson* decision, later filed on August 10, 2000. Under these circumstances, Cuble's counsel may have strategized that the unwitting possession instruction was a viable way to focus the jury on Cuble's theory of the case—that Cuble had no knowledge of the gun.