IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39307-1-III |
| Respondent, | ) | Consolidated with |
| | ) | No. 39308-9-III |
| v. | ) | |
| | ) | |
| KOLTEN ANDREW DEAN SMITH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Kolten Smith was convicted of two counts of unlawful possession of a firearm in the second degree stemming from two different cases. The cases were consolidated for appeal. On appeal Mr. Smith argues that the informations were defective because they failed to allege that he "knowingly" possessed the firearms. We disagree and affirm.

BACKGROUND

Mr. Smith was charged with, among other crimes, two counts of unlawful possession of a firearm in the second degree resulting from two separate events. The cases were consolidated for purposes of this appeal. Mr. Smith had previously been convicted of a "serious offense" in the State of Washington and was therefore prohibited from possessing firearms.

UNLAWFUL POSSESSION OF THE .357 CALIBER REVOLVER
(CASE NO. 21-1-00085-33)

On April 1, 2021, Sergeant Randall Russell and Deputy Ryan Taylor were dispatched to a burglary at a home located on Buck Creek Road in Stevens County, Washington. While processing the scene, Sergeant Russell and Deputy Taylor observed a burgundy Volvo drive by toward the closed end of the road. Sergeant Russell observed that the driver of the Volvo matched the description of the burglary suspect. The driver of the vehicle turned out to be Mr. Smith. Mr. Smith was detained and a search of his vehicle yielded a .357 caliber revolver.

Mr. Smith was charged with attempted residential burglary, unlawful possession of a firearm in the second degree, possession of stolen property in the third degree, and driving while license suspended or revoked in the second degree. For the unlawful possession of a firearm charge, the information read:

COUNT 2

By way of this Information, the Prosecuting Attorney accuses you of the crime of **Unlawful Possession of a Firearm in the Second Degree**, Count 2, which is a violation of RCW 9.41.040(2)(a)(i) and (b), the maximum penalty for which is 5 yrs. imprisonment and/or $10,000 fine, plus restitution, assessments and court costs, in that the said Kolten Andrew Dean Smith in the County of Stevens, State of Washington, on or about April 1, 2021, having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any felony not specifically listed as prohibiting firearm possession, or a domestic violence crime, or violation of the provisions of a protection order or no-contact order restraining or excluding him from a residence, did unlawfully own, have in his possession or control a firearm, to-wit: a .357 caliber revolver;

Contrary to RCW 9.41.040(2)(a)(i) and (b), and against the peace
and dignity of the State of Washington.

Clerk's Papers (CP) at 7. Before the trial court, Mr. Smith did not challenge the

sufficiency of the information.

Following trial, a jury acquitted Mr. Smith of the charges of possessing stolen

property and residential burglary but found him guilty of the lesser included offense of

criminal trespass. The jury also found Mr. Smith guilty of unlawful possession of a

firearm in the second degree. The charge of driving while license suspended was

dismissed on the State's motion.

UNLAWFUL POSSESSION OF THE .45 CALIBER PISTOL
(CASE NO. 21-1-00227-33)

On October 28, 2021, Deputy John Knight was dispatched to the Loon Lake Gas

and Grocery to look for Mr. Smith, who had an outstanding warrant for his arrest.

Deputy Knight identified Mr. Smith in the store and told him to stop. In response, Mr.

Smith ran to the back exit of the store and Deputy Knight gave chase. Deputy Knight

was eventually able to catch up with Mr. Smith and push him to the ground to effectuate

an arrest. Once Deputy Knight gained control of Mr. Smith, he asked Mr. Smith if he

had any weapons. Mr. Smith responded, "[Y]es, it's under my jacket, that's what I was

trying to get to." Rep. of Proc. (RP) at 788. Deputy Knight unzipped Mr. Smith's jacket

and discovered he was wearing a shoulder holster that contained a 1911 .45 caliber pistol.

Mr. Smith was charged with unlawful possession of a firearm in the second degree, obstructing a law enforcement officer, possession of a stolen motor vehicle, three counts of possessing stolen property in the second degree, and identity theft in the second degree. For the unlawful possession of a firearm charge, the information read:

### COUNT 1

By way of this Information, the Prosecuting Attorney accuses you of the crime of **Unlawful Possession of a Firearm in the Second Degree**, Count 1, the maximum penalty for which is 5 yrs. imprisonment and/or $10,000 fine, plus restitution, assessments and court costs, in that the said Kolten Andrew Dean Smith in the County of Stevens, State of Washington, on or about October 28, 2021, having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any felony not specifically listed as prohibiting firearm possession, or a domestic violence crime, or violation of the provisions of a protection order or no-contact order restraining or excluding him / her from a residence, did unlawfully own, have in her [sic] possession or control a firearm, to-wit: a .45 caliber pistol;

Contrary to RCW 9.41.040(2)(a)(i) and (b), and against the peace and dignity of the State of Washington.

CP at 413. Before the trial court, Mr. Smith did not challenge the sufficiency of the information.

Following trial, a jury found Mr. Smith guilty of unlawful possession of a firearm in the second degree, obstructing a law enforcement officer, and three counts of possession of stolen property. The jury was unable to reach a unanimous verdict on the possession of a stolen vehicle charge and the identity theft charge.

Mr. Smith appeals.

4

ANALYSIS

On appeal Mr. Smith argues that the informations were constitutionally defective because they failed to apprise him of the knowledge element of the crime of unlawful possession of a firearm in the second degree. We disagree.

An information is constitutionally defective if it fails to list the essential elements of the crime. *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013). An essential element is one whose specification is necessary to establish the illegality of the behavior charged. *Id.* Requiring the State to list the essential elements in the information protects the defendant's right to notice of the nature of the criminal accusation, guaranteed by the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. *Id.* We review the constitutional adequacy of a charging document de novo. *State v. Goss*, 186 Wn.2d 372, 375-76, 378 P.3d 154 (2016).

A defendant may raise an objection to the charging document at any time, but there is a presumption in favor of the validity of the charging documents when the challenge is made for the first time on appeal. *State v. Canela*, 199 Wn.2d 321, 328, 505 P.3d 1166 (2022). When, as here, a charging document is challenged for the first time on appeal, we construe it liberally. *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000). Under the liberal standard, this court has "considerable leeway to imply the

5

necessary allegations from the language of the charging document." *State v. Kjorsvik*,

117 Wn.2d 93, 104, 812 P.2d 86 (1991).

We use a two-pronged test to resolve challenges to the sufficiency of the charging

document: "(1) do the necessary facts appear in any form, or by fair construction can they

be found, in the charging document; and, if so, (2) can the defendant show that he or she

was nonetheless actually prejudiced by the inartful language which caused a lack of

notice?" *Id.* at 105-06.

Under the first prong, we look solely to the face of the charging document. *Id.* at

106. "Words in a charging document are read as a whole, construed according to

common sense, and include facts which are necessarily implied." *Id.* at 109. A charging

document satisfies the first prong if it includes the essential elements of the offense even

if it does not contain the exact statutory language. *State v. Hopper*, 118 Wn.2d 151, 156,

822 P.2d 775 (1992). Further, missing elements may be implied if the language of the

information supports such a result. *Id*. However, "[i]f the document cannot be construed

to give notice of or to contain in some manner the essential elements of a crime, the most

liberal reading cannot cure it." *State v. Campbell*, 125 Wn.2d 797, 802, 888 P.2d 1185

(1995).

If the necessary elements are not found or fairly implied in the information,

prejudice is presumed and we reverse without reaching the second prong and the question

of prejudice. *Zillyette*, 178 Wn.2d at 163; *State v. Pry*, 194 Wn.2d 745, 753, 452 P.3d

6

536 (2019). However, if the necessary elements appear in any form in the information, or by fair construction can be found in the information, then a defendant who can demonstrate actual prejudice is entitled to have their conviction reversed. *Campbell*, 125 Wn.2d at 802.

NECESSARY ELEMENTS OF THE CRIME

RCW 9.41.040(2)(a) defines unlawful possession of a firearm in the second degree as:

> A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person does not qualify under subsection (1) of this section for the crime of unlawful possession of a firearm in the first degree and the person owns, accesses, has in the person's custody, control, or possession, or receives any firearm:
> (i) After having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of [a]ny . . . felony not specifically listed as prohibiting firearm possession under subsection (1) of this section.

Additionally, our Supreme Court has held that knowledge is an essential element of unlawful possession of a firearm. *State v. Anderson*, 141 Wn.2d 357, 366-67, 5 P.3d 1247 (2000).

In *State v. Krajeski* we held that the phrase "'unlawfully and feloniously'" adequately conveyed the "guilty knowledge" element of unlawful possession of a firearm. 104 Wn. App. 377, 386, 16 P.3d 69 (2001) (quoting *State v. Nieblas-Duarte*, 55 Wn. App. 376, 378, 380-82, 777 P.2d 583 (1989)). In *Krajeski*, the information stated, in part, the defendant "did *unlawfully and feloniously* own, have in his possession, or under

7

his control a firearm." *Id.* at 382 (emphasis added). The *Krajeski* court noted that, "It has long been the law in Washington that the phrase 'unlawfully and willfully' in an information sufficiently alleges criminal knowledge." *Id.* at 386 n.3. In *State v. Cuble* we came to the same conclusion. 109 Wn. App. 362, 367-68, 35 P.3d 404 (2001).

> Contrariwise, in *State v. Marcum*, the information accused Mr. Marcum of:
>
> COUNT I: UNLAWFUL POSSESSION OF A FIREARM IN THE FIRST DEGREE, RCW 9.41.040(1)(a); . . . committed as follows, to-wit:
>
>> That [he] . . . did own or have in his/her possession or control a firearm, to-wit: [described] after having been convicted [of a serious offense]. . . .

116 Wn. App. 526, 533, 66 P.3d 690 (2003) (alterations in original). In *Marcum* we held that the information was deficient because the knowledge element did not appear "in the body of the information." *Id.* at 535. Instead, the description of the act allegedly constituting the crime stated Mr. Marcum, "'in violation of RCW 9.41.040(1)(a), did own or have in his/her possession or control a firearm.'" *Id.* There, we reasoned that the State could not "rely on the statutory language for the information because the statute is silent on knowledge as an element." *Id.* at 534-35. *Marcum* specifically distinguished the information at issue from those in *Cuble* and *Krajeski* where the knowledge element could be inferred by the phrase "'unlawfully and feloniously.'" *Id.* (quoting *Cuble*, 109 Wn. App. at 368).

Here, the informations at issue are comparable to those in *Krajeski* and *Cuble* rather than the information in *Marcum*.  Both informations stated, in relevant part: "Kolten Andrew Dean Smith . . . did *unlawfully* own, have in his possession or control a firearm."  CP at 7, 413 (emphasis added).  The word "unlawfully" sufficiently alleged criminal knowledge.

Mr. Smith points to *State v. Level* where we held that inclusion of the word "'unlawfully'" in the information was not sufficient to allege "'knowledge.'"  19 Wn. App. 2d 56, 61-62, 493 P.3d 1230 (2021).  However, *Level* is distinguishable from *Cuble* because it specifically dealt with the knowledge element of possession of stolen property, not unlawful possession of a firearm.  *Id.* at 61.  As the *Level* court recognized:

> [T]he adverb 'unlawfully' can convey a mental state element . . . when permitted by common sense inferences.  Thus, where the mental state required for an offense is straightforward or where the facts alleged in the charge would be hard to accomplish without the defendant holding the required mental state, the requisite mental state may be inferred under a liberal standard of review.

*Id*. at 61-62.  Thus, *Level* is unpersuasive.

In presuming the validity of the informations and in construing them liberally due to the absence of an objection below, the informations were sufficient to give Mr. Smith notice of the nature of the criminal accusations.

PREJUDICE

Mr. Smith fails to address the issue of prejudice in his briefing. Even had we decided the first issue in his favor, we would be required to affirm his convictions due to his failure to show that the imprecise language in the informations prejudiced him.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.